**INTERNATIONAL SECURITY LIFE IN-SURANCE COMPANY, Appellant,**

v.

**Joyce E. RILEY, Appellee.**

**No. 8102.**

Court of Civil Appeals of Texas, Amarillo.

April 26, 1971.

Rehearing Denied May. 24, 1971.

A. J. Bryan, David F. Farris, Fort Worth, for appellant.

Huffaker & Green, Gerald Huffaker, Tahoka, for appellee.

JOY, Justice.

International Security Life Insurance Company brought suit in Lubbock County District Court seeking to enjoin defendant Riley and C. H. Blanchard, the sheriff of Lubbock County, from levying execution on a judgment rendered in the District Court of Lynn County. The trial court found the judgment rendered in Lynn County was a valid judgment, and that the District Court of Lubbock County had no jurisdiction to interfere with the enforcement of the Lynn County judgment. Affirmed with damages.

■ Appellant here attempts to collaterally attack the judgment of the District Court of Lynn County, even though the judgment appears valid on its face. The judgment recites that:

"* * * although having been duly, timely, and properly served with citation and process herein the said defendant, International Security Life Insurance Company * * * failed to appear or answer in its behalf * * *."

Article 4656 Vernon's Ann.Civ.St., clearly requires that writs of injunction staying execution on a judgment are returnable to and triable in the court that rendered the judgment. A judgment that is valid on its face cannot be collaterally attacked and very clearly this action comes within the purview of Article 4656. See Stewart v. Adams, 171 S.W.2d 180 (Tex.Civ.App.—Eastland 1943, n. w. h.). This statute controls both jurisdiction and venue of injunction proceedings in regard to stay of execution of judgment so long as the judgment is valid on its face. Ex parte Coffee, 160 Tex. 224, 328 S.W.2d 283 (1959); Lloyds Alliance v. Cook, 290 S.W.2d 716 (Tex.Civ.App.—Waco 1956, n. w. h.); see also Switzer et ux. v. Smith, 300 S.W. 31, Tex.Com.App., opinion adopted (1927).

■ Appellant has heretofore appealed to this court from the Lynn County District Court, and the judgment was affirmed on certificate in a per curiam opinion upon appellant's failure to file a transcript and statement of facts. International Security Life Insurance Company v. Riley, 441 S.W.2d 858 (Tex.Civ.App.—Amarillo 1969, writ ref'd, n. r. e.). Further, as pointed out in appellee's Motion for Affirmance with Damages, the appellant, in its Motion to Vacate or Set Aside Default Judgment, filed in the Lynn County District Court recited:

"Defendant's agent, Ena Hollingsworth, was duly and legally served in this cause * * *."

Having examined the entire record before us, we are of the opinion that this appeal was taken for purposes of delay only and assess an additional ten percent (10%) of the judgment as damages. Rule 438, Texas Rules of Civil Procedure.

The judgment is affirmed with an additional $325.53 assessed as damages for appealing without sufficient cause.

ELLIS, C. J., not sitting.