Cleo JOHNSON, Appellant,

v.

FELLOWSHIP BAPTIST CHURCH, Appellee.

No. 2363.

Court of Appeals of Texas, Corpus Christi.

Dec. 23, 1981.

Rehearing Denied Jan. 14, 1982.

M. W. Plummer, Houston, for appellant.

Ron J. West, Houston, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

OPINION

YOUNG, Justice.

This is an appeal from an order denying a temporary injunction. Cleo Johnson requested the district court to enjoin the clerk and constable of Harris County from issuing and executing a writ of restitution against property which she occupied.

The writ of restitution was ordered by the county court of Harris County as a result of a suit for forcible detainer brought by Fellowship Baptist Church. The district court denied the injunction and we affirm.

The Fellowship Baptist Church owned property on Anderson Road in Houston and some of its members established Mayfair Park Baptist Church as a mission in 1963. In addition to financial support, Fellowship agreed to sell the Anderson Road property to Mayfair Park Baptist Church and thereafter executed a deed. While in possession of the property, Mayfair Park entered into a lease agreement with Cleo Johnson for a period of five years. The lease provided that when Mayfair cleared up its title defects, the lease would terminate within six months, notwithstanding the agreement for a five year term. Upon termination of the lease, Mrs. Johnson was given the option to purchase the property or to remain on it as a tenant at will.

After the execution of the lease agreement, but before the term was completed, Mayfair Park Baptist Church disbanded. Fellowship Baptist Church which claimed it had retained title to the property, entered into a contract to sell the premises to Mrs. Johnson. This agreement provided that the appellant pay to Fellowship the rent due under the lease from Mayfair. This sale never took place and appellant did not pay any rent. She does not claim title to the property. Consequently, the appellees filed an action of forcible detainer to cause her to vacate the property. Both the justice and county courts ordered the restitution of the property to the appellee. In her district court suit, appellant contended that the justice and county courts had exceeded their jurisdiction by making a determination of title. She therefore requested that the district court enjoin the enforcement of the county court judgment.

On appeal, Mrs. Johnson's position is that the district court should have enjoined enforcement of the judgments of the justice and county courts which were void because these courts lacked jurisdiction. She sets forth two bases for a finding that there were void judgments in the justice and county courts: that there was no proof of a landlord-tenant relationship, and that these courts impermissibly resolved a question of title.

■ The action of forcible detainer was created by the legislature to provide a speedy and inexpensive remedy for the determination of who is entitled to possession of property. *Holcombe v. Lorino*, 124 Tex. 446, 79 S.W.2d 307, 309 (1935); *Home Savings Association v. Ramirez*, 600 S.W.2d 911 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n. r. e.); Tex.Rev.Civ.Stat.Ann. Art. 3973 (Vernon 1966). To preserve the simplicity and speedy nature of this remedy, resolution of a title question between the parties is not permitted. Rule 746, T.R.C.P. Where title to the premises is directly involved in the suit, the justice and county courts lack jurisdiction. *Gentry v. Marburger*, 596 S.W.2d 201 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n. r. e.); *Rodriguez v. Sullivan*, 484 S.W.2d 592 (Tex. Civ.App.—El Paso 1972, no writ). Where a court in a forcible detainer action exceeds its jurisdiction and tries title, the judgment is void and its enforcement should be enjoined by a district court upon proper application. *Williamson v. Johnson*, 492 S.W.2d 327 (Tex.Civ.App.—Tyler 1973, no writ).

■ In the case before us, there was never a claim of title by Mrs. Johnson. The only dispute involving title arose between Fellowship Baptist Church and Mayfair Park Baptist Church. It was not beyond the authority of the county court to determine title on this collateral matter. *Criswell v. Southwestern Fidelity Life Ins. Co.*, 373 S.W.2d 893, 895–96 (Tex.Civ.App.—Houston 1963, no writ). Therefore, the appellant's point of error contending that the

adjudication of title deprived the county court of jurisdiction is overruled.

 When a tenant defaults on rent payments, the landlord may bring an action of forcible detainer. Tex.Rev.Civ.Stat.Ann. Art. 3975a (Vernon 1966). Such an action requires a showing of the landlord-tenant relationship. *Haith v. Drake*, 596 S.W.2d 194, 196 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n. r. e.); *American Spiritualist Association v. Raykind*, 313 S.W.2d 121, 124 (Tex.Civ.App.—Dallas 1958, writ ref'd n. r. e.). Appellant contends that Fellowship Baptist Church failed to prove such a relationship. It was in the suit for forcible detainer at the justice and county court levels that Fellowship had the burden of proving the landlord-tenant relationship. At the district court level, it was incumbent upon the moving party to show that the justice and county courts incorrectly assumed jurisdiction over the case. Therefore, it was Mrs. Johnson's duty to present evidence that she was not the tenant of Fellowship because Fellowship lacked title. She did not claim ownership of the property and failed to properly show who did have title apart from Fellowship. Mrs. Johnson did elicit some testimony from the pastor of Mayfair that there had been a deed conveying the property to Mayfair in the past, but she presented no evidence concerning the identity of the owner at the present time. The record does contain evidence of the existence of the landlord-tenant relationship in the form of a contract between Fellowship and the appellant containing a promise by the appellant to pay past due rent to Fellowship. Thus, the trial court was entitled to find that Fellowship was the appellant's landlord and that the lower courts had jurisdiction.

■ All of which brings us to the applicable underlying rule which provides that appellate review of an order granting or denying a temporary injunction is strictly limited to determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the request for an interlocutory order. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978). Considering all the foregoing, we find that the trial court did not abuse its discretion by its action in denying the appellant's request for a temporary injunction.

We have carefully considered all of appellant's points of error and they are all overruled.

The judgment of the trial court is affirmed.