TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00011-CV






Mary Higginbotham, Appellant



v.



Sandra P. Ferguson, Trustee of the Trust Estate of 


Madelene Marena Gillespie, Dcd., Appellee






FROM THE COUNTY COURT AT LAW OF COMAL COUNTY


NO. 98 CV 308, HONORABLE FRED RAY CLARK, JUDGE PRESIDING 



 



 Mary Higginbotham appeals from a summary judgment rendered against her in a
forcible detainer action filed by Sandra P. Ferguson as trustee of the trust estate of Madelene
Marena Gillespie. In two issues, Higginbotham contends that the county court at law erred in
granting summary judgment in favor of Ferguson: first, because the court lacked jurisdiction to
determine title, and second, because Ferguson failed to prove each element of a forcible detainer
action as a matter of law. We affirm the judgment of the county court at law.


Background

 Gillespie purchased real property from Cleburne Caddell on April 10, 1986. 
Gillespie allowed her sister, Higginbotham, to occupy the property until Gillespie's death in
February of 1992. By way of executrix deed to the trust estate, the property was conveyed to
Ferguson as trustee on June 22, 1992. On March 31, 1998, Ferguson gave Higginbotham written
notice to vacate the premises. Higginbotham refused to move and continued to occupy the
property.

 Ferguson, as executrix to the estate of Madelene Marena Gillespie, brought a
forcible detainer action in justice court against Higginbotham. Higginbotham filed a written
answer and plea to the jurisdiction, alleging that she is an owner of the property and not a mere
tenant. The justice court found that the suit involved issues of title and sustained Higginbotham's
plea to the jurisdiction. Ferguson appealed to county court for a trial de novo.

 At county court, Ferguson moved for summary judgment on the ground that no
genuine issues of fact existed in the case. In support of her motion, she filed certified copies of
instruments and deeds evidencing her ownership of the property. Higginbotham filed an amended
plea to the jurisdiction and a response to the motion for summary judgment. In her affidavit in
support of her response, she averred that Gillespie gave the property to her by way of oral gift,
or, alternatively, that she is a fee simple owner of the property pursuant to the express terms of
the trust. Higginbotham, however, never produced any writing evidencing this conveyance. The
trial court overruled Higginbotham's plea to the jurisdiction and granted summary judgment in
favor of Ferguson, ordering "an immediate writ of possession, instructing Mary Higginbotham,
Defendant in this cause, and all persons claiming under her to leave the premises immediately." 
This appeal ensued.


Jurisdiction

 Before considering the merits of the appeal, we first consider whether the
underlying judgment is void, as alleged by Higginbotham. A forcible detainer proceeding is
intended to be a summary, speedy, and inexpensive remedy to determine who is entitled to
possession of the premises. See Scott v. Hewitt, 90 S.W.2d 816, 818 (Tex. 1936). Justice of the
peace courts and, on appeal, county courts, have jurisdiction of forcible detainer suits. Where
title to the property is directly involved in the suit, the justice and county courts lack jurisdiction. 
See Fandey v. Lee, 880 S.W.2d 164, 169 (Tex. App.--El Paso 1994, writ denied). The principal
purpose of a forcible detainer action is to determine who has the right to immediate possession
of the premises. See Haginas v. Malbis Memorial Found., 354 S.W.2d 368, 371 (Tex. 1962). 
The only issue is "the right to actual possession," and "the merits of the title shall not be
adjudicated." Tex. R. Civ. P. 746.

 Justice courts may adjudicate possession even where issues related to the title of
real property are tangentially or collaterally related to possession. See Falcon v. Ensignia, 976
S.W.2d 336, 338 (Tex. App.--Corpus Christi 1998, no pet.). If the question of title is so integrally
linked to the issue of possession that possession may not be determined without first determining
title, justice and county courts are without jurisdiction to make any determinations regarding title. 
See id.; Johnson v. Fellowship Baptist Church, 627 S.W.2d 203, 204 (Tex. App.--Corpus Christi
1981, no writ). District courts have sole jurisdiction to adjudicate title to real property. See Tex.
Gov't Code Ann. § 26.043 (West 1988).

 We do not believe a genuine title dispute was ever raised in either court. 
Higginbotham referred to an oral agreement between her and Gillespie, but such agreements are
generally unenforceable as a matter of law. See Tex. Bus. & Com. Code Ann. § 26.01 (West
1987) (conveyance of real property must be in writing to be enforceable). (1) Specific evidence of
title dispute is required to call into question a justice court's jurisdiction. See Mitchell v.
Armstrong Capital Corp., 911 S.W.2d 169, 171 (Tex. App.--Houston [1st Dist.] 1995, writ
denied). Higginbotham failed to present specific evidence to raise a genuine title dispute; thus,
the jurisdiction of the court was never at issue. Furthermore, if Higginbotham desires to attack
the validity of the transfer of the property to Ferguson under the trust, she may bring such suit
in the district court for that purpose. See Scott, 90 S.W.2d at 818. This action allowed by law
is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this
state. See id. 

 We conclude that, because no genuine issue related to title was raised in the courts
below, each had authority to adjudicate the forcible detainer action.


Forcible Detainer

 We next consider the merits of the summary judgment rendered in favor of
Ferguson. The standards for review of summary judgments are well established: (1) the movant
must show there is no genuine issue of material fact and that the movant is entitled to a judgment
as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding
summary judgment, the court must take evidence favorable to the nonmovant as true; and (3) the
court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts
in the nonmovant's favor. See Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49
(Tex. 1985). Because the propriety of a summary judgment is a question of law, we review the
trial court's decision de novo. See Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994).

 To establish her cause of action for forcible detainer, Ferguson had to show: (1)
Higginbotham was a tenant at will or by sufferance; (2) Ferguson had the right to possess the
property; (3) Ferguson made demand for possession; and (4) Higginbotham refused to leave. See
Tex. Prop. Code Ann. § 24.002 (West Supp. 1999). Higginbotham contends that Ferguson did
not establish as a matter of law a landlord-tenant relationship or Ferguson's right to possess the
property. It is undisputed that Ferguson made demand for the property and that Higginbotham
refused to leave. 

 First, we conclude that Ferguson did establish as a matter of law a right to possess
the property. Ferguson offered a warranty deed from Caddell to Gillespie and an executrix deed
from the decedent's estate to the trust estate as summary judgment proof that she had a right to
possess the property as a matter of law. Although Higginbotham alleged that she purchased the
property from Caddell, she failed to produce a deed evidencing that fact. Higginbotham's
affidavit stating that an oral conveyance took place in which Gillespie "gifted" the property to
Higginbotham is not sufficient evidence to raise a fact issue concerning possession. 

 Second, we determine that Ferguson established a landlord-tenant relationship as
a matter of law. A tenant at sufferance is one who enters into possession rightfully and after the
end of the tenancy retains possession wrongfully. See 51C C.J.S. Landlord and Tenant, § 175
(1968). As a general rule, a party holding over after the execution of a deed is merely a
permissive tenant whose possession is subservient to the party holding title. See Tex-Wis Co. v.
Johnson, 534 S.W.2d 895, 899 (Tex. 1976); see also Goggins v. Leo, 849 S.W.2d 373, 377 (Tex.
App.--Houston [14th Dist.] 1993, no writ) (tenant at sufferance is merely occupant in naked
possession of property after right to possession has ceased).

 Higginbotham had possession of the premises by permission of owner Gillespie. 
After Gillespie's death, executrix Ferguson transferred the property to herself as trustee. Thus,
Higginbotham was a tenant at sufferance. Higginbotham's averment that she is a fee simple
owner of the property pursuant to the express terms of the trust is not sufficient to raise a fact
issue as to the existence of a landlord-tenant relationship. The county court properly left the
interpretation of the testamentary trust to the court in which it was filed and is still active, the
Circuit Court of Clay County, Missouri. 

 Because we find that Ferguson established a right to possession and Higginbotham
was a tenant at sufferance, we hold that Ferguson established a forcible detainer action as a matter
of law. We affirm the trial court's judgment.



 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: December 9, 1999

Do Not Publish
1. An exception to the statute of frauds exists, making some oral conveyances enforceable. 
The elements of the exception are: (1) consideration, (2) possession, and (3) valuable
improvements. See Hooks v. Bridgewater, 229 S.W. 1114, 1116 (Tex. 1921). 



 the trust, she may bring such suit
in the district court for that purpose. See Scott, 90 S.W.2d at 818. This action allowed by law
is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this
state. See id. 

 We conclude that, because no genuine issue related to title was raised in the courts
below, each had authority to adjudicate the forcible detainer action.


Forcible Detainer

 We next consider the merits of the summary judgment rendered in favor of
Ferguson. The standards for review of summary judgments are well established: (1) the movant
must show there is no genuine issue of material fact and that the movant is entitled to a judgment
as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding
summary judgment, the court must take evidence favorable to the nonmovant as true; and (3) the
court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts
in the nonmovant's favor. See Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49
(Tex. 1985). Because the propriety of a summary judgment is a question of law, we review the
trial court's decision de novo. See Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994).

 To establish her cause of action for forcible detainer, Ferguson had to show: (1)
Higginbotham was a tenant at will or by sufferance; (2) Ferguson had the right to possess the
property; (3) Ferguson made demand for possession; and (4) Higginbotham refused to leave. See
Tex. Prop. Code Ann. § 24.002 (West Supp. 1999). Higginbotham contends that Ferguson did
not establish as a matter of law a landlord-tenant relationship or Ferguson's right to possess the
property. It is undisputed that Ferguson made demand for the property and that Higginbotham
refused to leave. 

 First, we conclude that Ferguson did establish as a matter of law a right to possess
the property. Ferguson offered a warranty deed from Caddell to Gillespie and an executrix deed
from the decedent's estate to the trust estate as summary judgment proof that she had a right to
possess the property as a matter of law. Although Higginbotham alleged that she purchased the
property from Caddell, she failed to produce a deed evidencing that fact. Higginbotham's
affidavit stating that an oral conveyance took place in which Gillespie "gifted" the property to
Higginbotham is not sufficient evidence to raise a fact issue concerning possession. 

 Second, we determine that Ferguson established a landlord-tenant relationship as
a matter of law. A tenant at sufferance is one who enters into possession rightfully and after the
end of the tenancy retains possession wrongfully. See 51C C.J.S. Landlord and Tenant, § 175
(1968). As a general rule, a party holding over after the execution of a deed is merely a
permissive tenant whose possession is subservient to