NO. 07-02-0331-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 13, 2003



______________________________




IN THE MATTER OF JULIO POSADAS, A CHILD




_________________________________



FROM THE COUNTY COURT OF HOCKLEY COUNTY;



NO. 916; HONORABLE LARRY D. SPROWLS, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1)

ON MOTION TO DISMISS


 On June 25, 2002, appellant Julio Posadas was found to be a child who engaged
in delinquent conduct. He was placed on juvenile probation with the condition, inter alia,
that he spend 30 days at a juvenile "boot camp." Appellant gave timely notice of appeal
from this adjudication.

 We have now been furnished with supplemental clerk's and reporter's records which
show that appellant with his mother, after his attorney had been notified, appeared in open
court and notified the court that he wished to dismiss his appeal. The trial court honored
that request and by notifying us, has requested that the appeal be dismissed.

 We have issued no opinion in this case and there is no reason appellant's request
should not be honored. Accordingly, the appeal is hereby dismissed. Having dismissed
the appeal at appellant's request, no motion for rehearing will be entertained and our
mandate will be issued forthwith. 


 John T. Boyd

 Senior Justice 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



quest. It is from that
denial that the Gardners appeal. They present nine issues, the first of which urges that
the trial judge abused his discretion in denying the requested injunction. The remaining
eight issues are either shades of and subsidiary to the first issue, or seek advisory
opinions on matters involved in the merits of the district court suit or the underlying county
court suit. 

 The decision to grant or deny a temporary injunction lies in the sound discretion of
the trial court and is subject to reversal only for a clear abuse of that discretion. See
Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002).

 The trial court abuses its discretion if it rules arbitrarily, unreasonably, without
regard to guiding legal principles, e.g., Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex.
1997), or without supporting evidence. Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex.
1998). An abuse of discretion does not exist if the trial court bases its decision on
conflicting evidence and some evidence reasonably supports the trial court's decision. 
See Davis v. Huey, 571 S.W.2d 859, 862-63 (Tex. 1978).

 A request for injunctive relief to stay execution on a judgment must be tried in the
court which rendered the judgment. See Tex. Civ. Pract. & Rem. Code Ann. § 65.023
(Vernon 1997). Section 65.023 generally determines both venue and jurisdiction for a suit
seeking injunctive relief from a judgment, so long as the judgment from which relief is
sought is not void. See Butron v. Cantu, 960 S.W.2d 91, 95 (Tex.App.--Corpus Christi
1997, no writ); International Sec. Life Ins. Co. v. Riley, 467 S.W.2d 213, 214
(Tex.Civ.App.--Amarillo 1971, writ ref'd n.r.e.). A judgment is void when the court
rendering the judgment had no jurisdiction of the parties or property, no jurisdiction of the
subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a
court. See Browning v. Placke, 698 S.W.2d 362, 363 (Tex. 1985). 

 The judgment of the county court is facially valid. Despite its facial validity, the
Gardners urge that the county court lacked subject matter jurisdiction and its judgment is
void because (1) both parties to the forcible detainer action claimed title to the property,
and (2) the only issue to be tried and determined in a forcible detainer suit is the right to
actual possession and the merits of title shall not be adjudicated. See Tex. R. Civ. P. 746;
Johnson v. Fellowship Baptist Church, 627 S.W.2d 203, 204 (Tex.App.--Corpus Christi
1981, no writ). The Gardners offered the testimony of Gary Gardner to support their
assertions in the district court. Gary opined that title was an issue in the county court
according to the county court pleadings. But, those pleadings were not before the district
court. 

 In a hearing such as the hearing under review, the trial court is the sole judge of the
credibility of the witnesses and the weight to be given to their testimony. See Leyva v.
Pacheco, 163 Tex. 638, 358 S.W.2d 547, 549 (1962). The trial judge was neither bound
to believe Gary Gardner's testimony as to the issues before the county court, nor to find
that Gary's testimony required a determination that the county court lacked subject matter
jurisdiction.

 An abuse of discretion does not exist if the trial court based its decision on
conflicting evidence and some evidence reasonably supported the decision. See Davis,
571 S.W.2d at 862. In this instance, the trial judge had before him a facially valid
judgment of the county court. Such a judgment, in light of the record, supports the trial
court's refusal to enjoin enforcement of the county court judgment. (1) The trial judge based
his decision on, at best, conflicting evidence as to the validity of the county court judgment.
 

 Accordingly, the trial court did not abuse its discretion in denying the Gardners'
Motion for a Temporary Restraining Order and Temporary Injunction. We overrule the
Gardners' multiple issues asserting that the trial court abused its discretion and the issues
asserting various shades of that proposition. We have no jurisdiction to address, and do
not address, the issues effectively seeking advisory opinions as to the validity of certain
county court proceedings, the county court judgment and various actions of the district and
county courts. See Valley Baptist Med. Ctr. v. Gonzalez, 33 S.W.3d 821, 822 (Tex. 2000);
Speer v. Presbyterian Children's Home, 847 S.W.2d 227, 229-30 (Tex. 1993).

 The order denying temporary relief is affirmed.


 Phil Johnson

 Chief Justice
1. Ordinarily we address sua sponte the issue of the trial court's jurisdiction. Given
the posture of this appeal, the record, and our disposition, we will not do so.