NO. 07-02-0513-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 19, 2003

______________________________

GARY O. GARDNER; DARLENE GARDNER; AND 

HOLLISTER GARDNER, APPELLANTS

V.

LARRY PICKARD STEWART, SHERIFF OF SWISHER

COUNTY, TEXAS; AND ED SELF, IN HIS CAPACITY AS

SWISHER COUNTY JUDGE IN CAUSE NO. 1795, APPELLEES

_________________________________

FROM THE 64
TH
 DISTRICT COURT OF SWISHER COUNTY;

NO. A10362-02-10; HONORABLE JACK D. YOUNG, JUDGE

_______________________________

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellants Gary O. Gardner, Darlene Gardner and Hollister Gardner (collectively “the Gardners”), acting 
pro se
, sought injunctive relief 
from the 64
th
 District Court of Swisher County (the trial court) to restrain enforcement of a judgment entered against them in the Swisher County Court.  The trial court denied relief.  The Gardners appeal. Concluding that the trial court did not abuse its discretion in denying the requested relief, we affirm.

On October 3, 2002, judgment was signed by the judge of the Swisher County Court in cause number 1795 (the county court suit), in which Saddlehorn Investments, Inc. was plaintiff and the Gardners were defendants.  The 
judgment awarded immediate possession of certain realty to Saddlehorn.  On October 10, 2002, the Gardners filed suit in the 64
th
 District Court of Swisher County seeking injunctive relief from enforcement of the county court’s October 3
rd
 judgment.   The Gardners sought temporary relief from the district court via a 
Motion for Temporary Restraining Order and Temporary Injunction
.

The district court held a hearing on the Motion for Temporary Restraining Order and Temporary Injunction, following which it denied the Gardners’ request.  It is from that denial that the Gardners appeal.  They present nine issues, the first of which urges that the trial judge abused his discretion in denying the requested injunction.  The remaining eight issues are either shades of and subsidiary to the first issue, or seek advisory opinions on matters involved in the merits of the district court suit or the underlying county court suit. 

The decision to grant or deny a temporary injunction lies in the sound discretion of the trial court and is subject to reversal only for a clear abuse of that discretion.  
See
 
Butnaru v. Ford Motor Co.
, 84 S.W.3d 198, 204 (Tex. 2002).

The trial court abuses its discretion
 if it rules arbitrarily, unreasonably, without regard to guiding legal principles, 
e.g
., 
Goode v. Shoukfeh
, 943 S.W.2d 441, 446 (Tex. 1997), or without supporting evidence. 
 
Bocquet v. Herring
, 972 S.W.2d 19, 21 (Tex. 1998).
 
 An abuse of discretion does not exist if the trial court bases its decision on conflicting evidence and some evidence reasonably supports the trial court's decision.  
See
 
Davis v. Huey
, 571 S.W.2d 859, 862-63 (Tex. 1978).

A request for injunctive relief to stay execution on a judgment 
must be tried in the court which rendered the judgment.  
See
 
Tex. Civ. Pract. & Rem. Code Ann
. § 65.023 (Vernon 1997).
(footnote: 1)  Section 65.023 generally determines both venue and jurisdiction for a suit seeking injunctive relief from a judgment, so long as the judgment from which relief is sought is not void.  
See
 
Butron v. Cantu
, 960 S.W.2d 91, 95 (Tex.App.--Corpus Christi 1997, no writ); 
International Sec. Life Ins. Co. v. Riley
, 467 S.W.2d 213, 214 (Tex.Civ.App.--Amarillo 1971, writ ref’d n.r.e.).  
A judgment is void when the court rendering the judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court.  
See
 
Browning v. Placke
, 698 S.W.2d 362, 363 (Tex. 1985)
. 

The judgment of the county court is facially valid.  Despite its facial validity, the Gardners urge that the county court lacked subject matter jurisdiction and its judgment is void because 
(1) both parties to the forcible detainer action claimed title to the property
, and (2) the only issue to be tried and determined in a forcible detainer suit is the right to actual possession and the merits 
of title shall not be adjudicated.  
See
 
Tex. R. Civ. P
. 746; 
Johnson v. Fellowship Baptist Church
, 627 S.W.2d 203, 204 (Tex.App.--Corpus Christi 1981, no writ).  
The Gardners offered the testimony of Gary Gardner
 to support their assertions in the district court.  Gary opined that title was an issue in the county court according to the county court pleadings.  But, those pleadings were not before the district court.
  
Moreover, the right to possession may be adjudicated in a forcible detainer action even where title issues are tangentially or collaterally related to possession.  
See
 
McGlothlin v. Kliebert
, 672 S.W.2d 231, 233 (Tex. 1984).
 
 

In a hearing such as the hearing under review, the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony.  
See
 
Leyva v. Pacheco
, 163 Tex. 638, 358 S.W.2d 547, 549 (1962).  
The trial judge was neither bound to believe Gary Gardner’s testimony as to the issues before the county court, nor to find that Gary’s testimony required a determination that the county court lacked subject matter jurisdiction.

An abuse of discretion does not exist if the trial court based its decision on conflicting evidence and some evidence reasonably supported the decision.  
See
 
Davis
, 571 S.W.2d at 862.
  In this instance, the trial judge had before him a facially valid judgment of the county court.  Such a judgment, in light of the record and the provisions of 
TCPRC § 65.023, supports the trial court’s refusal to enjoin enforcement of the county court judgment.
(footnote: 2) 
  
The trial judge based his decision on, at best, conflicting evidence as to the validity of the county court judgment. 
 

Accordingly, the trial court
 did not abuse its discretion in denying the Gardners’ Motion for a Temporary Restraining Order and Temporary Injunction.  We overrule the Gardners’ multiple issues asserting that the trial court abused its discretion and the issues asserting various shades of that proposition.  We have no jurisdiction to address, and do not address, the issues effectively seeking advisory opinions as to the validity of certain county court proceedings, the county court judgment and various actions of the district and county courts.  
See
 
Valley Baptist Med. Ctr. v. Gonzalez
, 33 S.W.3d 821, 822 (Tex. 2000); 
Speer v. Presbyterian Children's Home
, 847 S.W.2d 227, 229-30 (Tex. 1993).

The order denying temporary relief is affirmed.

Phil Johnson

Chief Justice

FOOTNOTES
1:
Further reference to Texas Civil Practices & Remedies Code provisions will be by reference to “TCPRC § ______.”

2:
Ordinarily we address 
sua sponte
 the issue of the trial court’s jurisdiction
.  Given the posture of this appeal, the record, and our disposition, we will not do so.