NO. 07-02-0513-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 14, 2004



______________________________




GARY O. GARDNER; DARLENE GARDNER; AND 


HOLLISTER GARDNER, APPELLANTS



V.



LARRY PICKARD STEWART, SHERIFF OF SWISHER


COUNTY, TEXAS; AND ED SELF, IN HIS CAPACITY AS


SWISHER COUNTY JUDGE IN CAUSE NO. 1795, APPELLEES



_________________________________



FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;



NO. A10362-02-10; HONORABLE JACK D. YOUNG, JUDGE


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


ON MOTION FOR REHEARING



 The Motion for Rehearing of appellants Gary O. Gardner, Darlene Gardner and
Hollister Gardner is denied. Our opinion dated December 19, 2003 is withdrawn and this
opinion is issued in its place. 

 Appellants Gary O. Gardner, Darlene Gardner and Hollister Gardner (collectively
"the Gardners"), acting pro se, sought injunctive relief from the 64th District Court of
Swisher County (the trial court) to restrain enforcement of a judgment entered against them
in the Swisher County Court. The trial court denied relief. The Gardners appeal.
Concluding that the trial court did not abuse its discretion in denying the requested relief,
we affirm.

 On October 3, 2002, judgment was signed by the judge of the Swisher County Court
in cause number 1795 (the county court suit), in which Saddlehorn Investments, Inc. was
plaintiff and the Gardners were defendants. The judgment awarded immediate possession
of certain realty to Saddlehorn. On October 10, 2002, the Gardners filed suit in the 64th
District Court of Swisher County seeking injunctive relief from enforcement of the county
court's October 3rd judgment. The Gardners sought temporary relief from the district court
via a Motion for Temporary Restraining Order and Temporary Injunction.

 The district court held a hearing on the Motion for Temporary Restraining Order and
Temporary Injunction, following which it denied the Gardners' request. It is from that
denial that the Gardners appeal. They present nine issues, the first of which urges that
the trial judge abused his discretion in denying the requested injunction. The remaining
eight issues are either shades of and subsidiary to the first issue, or seek advisory
opinions on matters involved in the merits of the district court suit or the underlying county
court suit. 

 The decision to grant or deny a temporary injunction lies in the sound discretion of
the trial court and is subject to reversal only for a clear abuse of that discretion. See
Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002).

 The trial court abuses its discretion if it rules arbitrarily, unreasonably, without
regard to guiding legal principles, e.g., Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex.
1997), or without supporting evidence. Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex.
1998). An abuse of discretion does not exist if the trial court bases its decision on
conflicting evidence and some evidence reasonably supports the trial court's decision. 
See Davis v. Huey, 571 S.W.2d 859, 862-63 (Tex. 1978).

 A request for injunctive relief to stay execution on a judgment must be tried in the
court which rendered the judgment. See Tex. Civ. Pract. & Rem. Code Ann. § 65.023
(Vernon 1997). Section 65.023 generally determines both venue and jurisdiction for a suit
seeking injunctive relief from a judgment, so long as the judgment from which relief is
sought is not void. See Butron v. Cantu, 960 S.W.2d 91, 95 (Tex.App.--Corpus Christi
1997, no writ); International Sec. Life Ins. Co. v. Riley, 467 S.W.2d 213, 214
(Tex.Civ.App.--Amarillo 1971, writ ref'd n.r.e.). A judgment is void when the court
rendering the judgment had no jurisdiction of the parties or property, no jurisdiction of the
subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a
court. See Browning v. Placke, 698 S.W.2d 362, 363 (Tex. 1985). 

 The judgment of the county court is facially valid. Despite its facial validity, the
Gardners urge that the county court lacked subject matter jurisdiction and its judgment is
void because (1) both parties to the forcible detainer action claimed title to the property,
and (2) the only issue to be tried and determined in a forcible detainer suit is the right to
actual possession and the merits of title shall not be adjudicated. See Tex. R. Civ. P. 746;
Johnson v. Fellowship Baptist Church, 627 S.W.2d 203, 204 (Tex.App.--Corpus Christi
1981, no writ). The Gardners offered the testimony of Gary Gardner to support their
assertions in the district court. Gary opined that title was an issue in the county court
according to the county court pleadings. But, those pleadings were not before the district
court. 

 In a hearing such as the hearing under review, the trial court is the sole judge of the
credibility of the witnesses and the weight to be given to their testimony. See Leyva v.
Pacheco, 163 Tex. 638, 358 S.W.2d 547, 549 (1962). The trial judge was neither bound
to believe Gary Gardner's testimony as to the issues before the county court, nor to find
that Gary's testimony required a determination that the county court lacked subject matter
jurisdiction.

 An abuse of discretion does not exist if the trial court based its decision on
conflicting evidence and some evidence reasonably supported the decision. See Davis,
571 S.W.2d at 862. In this instance, the trial judge had before him a facially valid
judgment of the county court. Such a judgment, in light of the record, supports the trial
court's refusal to enjoin enforcement of the county court judgment. (1) The trial judge based
his decision on, at best, conflicting evidence as to the validity of the county court judgment.
 

 Accordingly, the trial court did not abuse its discretion in denying the Gardners'
Motion for a Temporary Restraining Order and Temporary Injunction. We overrule the
Gardners' multiple issues asserting that the trial court abused its discretion and the issues
asserting various shades of that proposition. We have no jurisdiction to address, and do
not address, the issues effectively seeking advisory opinions as to the validity of certain
county court proceedings, the county court judgment and various actions of the district and
county courts. See Valley Baptist Med. Ctr. v. Gonzalez, 33 S.W.3d 821, 822 (Tex. 2000);
Speer v. Presbyterian Children's Home, 847 S.W.2d 227, 229-30 (Tex. 1993).

 The order denying temporary relief is affirmed.


 Phil Johnson

 Chief Justice
1. Ordinarily we address sua sponte the issue of the trial court's jurisdiction. Given
the posture of this appeal, the record, and our disposition, we will not do so.