# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00264-CV

**James Marlin Ebert, Appellant**

**v.**

**Frank L. Day, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY**
**NO. 276821, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

When James Ebert purchased his residence he agreed that if he defaulted on the payments, the property could be sold and he would become a tenant-at-sufferance. He defaulted on his payments, his property was sold, and the purchaser sent Ebert notice to vacate. When Ebert refused to leave, the purchaser, Frank Day, brought a forcible detainer suit. Day prevailed in the justice court and on appeal in the county court at law. Ebert now appeals raising the following points of error: (1) there was never a lawful foreclosure so there is no landlord-tenant relationship as required for forcible detainer; (2) the trial court lacked jurisdiction to hear the case; (3) the trial judge

did not consider the evidence Ebert presented; (4) the trial judge below was biased because he did not grant any of Ebert's motions; (5) the notice to vacate was improper; (6) the complaint is defective because it is only signed by Day's attorney; and (7) attorney Gregory Valdespino did not have authority to represent Day. We affirm the judgment.

## BACKGROUND

James Marlin Ebert and Priscilla Ebert reside at 2400 Braxton Cove in Austin, the property that is the subject of this appeal. The Eberts purchased the property in 1993. They secured payment of a promissory note in the amount of $66,926 by executing a Deed of Trust.[1] The Eberts agreed that if they defaulted on the payments, the property could be sold and they would become tenants at sufferance of the purchaser.

---

[1] The Deed of Trust reads in relevant part:

> . . . if default shall be made in any payment, . . . , under the said note, . . . Trustee is hereby authorized and empowered, . . . to sell the premises . . . to the highest bidder . . . . The deed or deeds which shall be given by said Trustee to the purchaser or purchasers at such sale, shall be prima facie evidence of the truth of all the recitals therein as to default in the payment of said note, . . . , or of the sums . . . due, the request to the said Trustee to sell, the advertising or posting of such sale, the proceedings at such sale, the facts, if any, authorizing a substitute Trustee to act . . . , and everything necessary to the validity of such sale, . . . and the purchaser or purchasers named in such Deed, and all persons subsequently dealing with the [property] to be conveyed, shall be protected in relying upon the truthfulness of such recitals . . . . After a sale under this Deed of Trust, Grantors shall be mere tenants at sufferance of the purchaser at said sale. The purchaser shall be entitled to immediate possession and may enforce said right by appropriate action . . . .

2

The Eberts defaulted on payment of the note. The required notices were given, and a trustee posted and sold the property to Washington Mutual Bank, F.A. in August 2003. Shortly thereafter, Frank L. Day acquired the property by virtue of a special warranty deed from Washington Mutual. On September 4, 2003, Day sent written notice via certified mail, return receipt requested, that the Eberts should vacate the property. Mr. Ebert's signature appears on the return receipt signed September 8, 2003.

When the Eberts refused to vacate the property, Day brought a forcible detainer suit in the justice court. The jury returned a verdict awarding Day possession of the property. Ebert appealed to the county court at law, and Day was again awarded possession of the property. This Court issued an injunction enjoining the eviction pending a resolution of the appeal.

## DISCUSSION

### *Landlord-Tenant Relationship*

Ebert claims that Day presented no evidence that the foreclosure that initiated the sale of the property where he resides was lawful. However, the record includes the Substitute Trustee's Deed which explains the Eberts's default and subsequent events including the foreclosure and sale. The document is signed by the substitute trustee and notarized. Ebert offered no evidence contradicting the legitimacy of this document or of the foreclosure. Once the property was foreclosed upon and sold, according to the Deed of Trust the Eberts became "mere tenants at sufferance."

In order to commit a forcible detainer, a landlord-tenant relationship must exist between the parties disputing who has the superior right to possession of the property.[2] Tex. Prop. Code Ann. § 24.002 (West Supp. 2004-05); *Academy Corp. v. Sunwest N.O.P., Inc.,* 853 S.W.2d 833, 833-34 (Tex. App.—Houston 1993, writ denied). Ebert claims that there is no landlord-tenant relationship in this case. However, Ebert executed a Deed of Trust that included the following among its general provisions: "After a sale under this Deed of Trust, Grantors [the Eberts] shall be mere tenants at sufferance of the purchaser at said sale. The purchaser shall be entitled to immediate possession and may enforce said right by appropriate action . . . ." Through this provision, Ebert agreed that upon default, foreclosure, and sale, a landlord and tenant-at-sufferance relationship would be established between the Eberts and the purchaser, who, as it turned out was Day. Because Ebert defaulted on his payment resulting in the foreclosure and sale of his property, he became a tenant-at-

---

[2] Texas Property Code Section 24.002 reads:

    (a)  A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person:

        (1)  is a tenant or a subtenant wilfully and without force holding over after the termination of the tenant's right of possession;

        (2)  is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease; or

        (3)  is a tenant of a person who acquired possession by forcible entry.

    (b)  The demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005.

Tex. Prop. Code Ann. § 24.002 (West 2004-05).

4

sufferance according to the Deed of Trust that he executed. We hold that there was a valid foreclosure and that there is a landlord-tenant relationship. We overrule Ebert's first point of error.

*Jurisdiction*

Ebert also contends that the county court at law lacked jurisdiction to hear the case because "title to the property was directly involved." Forcible detainer actions are intended to provide a speedy, summary, and inexpensive determination of the right to the immediate possession of real property, without resorting to an action upon the title. *Scott v. Hewitt*, 90 S.W.2d 816, 818-19 (Tex. 1936); *Meridian Hotels, Inc. v. LHO Fin. P'ship I, L.P.*, 97 S.W.3d 731, 737 (Tex. App.—Dallas 2003, no pet.). "The only issue [in a forcible detainer suit] is the right to actual possession; and the merits of the title shall not be adjudicated." Tex. R. Civ. P. 746; *Johnson v. Fellowship Baptist Church*, 627 S.W.2d 203, 204 (Tex. App—Corpus Christi 1981, no writ). A plaintiff need not prove title in order to prevail in a forcible detainer action. Rather, the plaintiff must only present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Dormandy v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). However, when the question of title is so intertwined with the right to possession, the case involves a genuine issue of title, and neither the justice court nor county court at law has jurisdiction. *Id*. at 558.

Here, Day established the existence of a landlord-tenant relationship with Ebert resulting from the foreclosure sale of Ebert's home. To the extent that Ebert had any claims regarding title, they were not so intertwined with the right to immediate possession that they could

not have been litigated separately. *See id*. Because the issue of title was not before the trial court, we overrule Ebert's second point of error.

### *Evidence*

Ebert alleges that the court erred by refusing to consider affidavits supporting his arguments. However, he does not identify which affidavits the court refused to consider and we find no mention of affidavits in the record. Therefore, we overrule his third point of error.

### *Bias*

Ebert's next point of error is that the court below demonstrated prejudice and bias when the judge denied all of his motions. To reverse a judgment for improper conduct or comments of the judge, an appellate court must find that judicial impropriety was in fact committed and the complaining party was probably prejudiced. *Metzger v. Sebek,* 892 S.W.2d 20, 37-39 (Tex. App.—Houston 1994, writ denied). "Judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 240 (Tex. 2001) (citing *Liteky v. United States,* 510 U.S. 540, 555 (1994)). Such remarks may constitute bias if they reveal an opinion deriving from an extrajudicial source; however, when no extrajudicial source is alleged, such remarks will constitute bias only if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. *See Ludlow v. DeBerry,* 959 S.W.2d 265, 271 (Tex. App.—Houston 1997, no writ) (citing *Liteky,* 510 U.S. at 554-56).

6

Although Ebert failed to identify any particular exchanges or rulings which evidence bias in the court below, we have examined the record and find no evidence of judicial impropriety resulting in harmful error. Adverse rulings alone are not evidence of judicial bias. Therefore, we overrule Ebert's fourth point of error.

*Notice*

Ebert claims that Day did not provide written notice to vacate the property as required by law. Sections 24.002(b) and 24.005(b) and (f) of the property code require that a person entitled to possession give written notice to vacate, either in person or by first class or certified mail, return receipt requested.[3] Tex. Prop. Code Ann. §§ 24.002(b), .005(b),(f) (West 2004). Day sent written notice to the Eberts via certified mail, return receipt requested, on September 4, and the record includes a return receipt for the notice signed by Ebert and dated September 8. Day satisfied the notice requirements for forcible detainer, and Ebert does not contend that he did not receive the notice. We overrule Ebert's fifth point of error.

---

[3] Section 24.005 reads in relevant part:

\* \* \*

> (b) If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement . . . .

> (f) The notice to vacate shall be given in person or by mail at the premises in question . . . Notice by mail may be by regular mail, by registered mail, or by certified mail, return receipt requested, to the premises in question . . . .

Tex. Prop. Code Ann. § 24.005 (West 2004).

### Defective Complaint

Ebert argues that Day's petition is defective because it is signed by his attorney and not Day. However, the rules of civil procedure clearly allow a party's attorney to execute and sign pleadings on behalf of his client. *See* Tex. R. Civ. P. 13, 14, 57. Therefore, we overrule Ebert's sixth point of error.

### Representation

Ebert's last point of error is that Day's trial attorney, Gregory Valdespino, did not have the authority to represent Day. He claims that in violation of rule of civil procedure 8,[4] Day's "attorney in charge," Jack O'Boyle, failed to designate Valdespino as authorized to appear on Day's behalf. Tex. R. Civ. P. 8 (West 2003). On the contrary, Day filed an affidavit stating that he retained both Valdespino and O'Boyle to represent him, and O'Boyle filed an affidavit designating Valdespino as counsel for Day in Travis County, where this case came before the court. Because Day's attorneys fulfilled their obligations pursuant to the rules of civil procedure, Valdespino was authorized to represent Day in the court below, and we overrule Ebert's final point of error.

---

[4] Texas Rule of Civil Procedure 8 reads in relevant part:

> On the occasion of a party's first appearance through counsel, the attorney whose signature first appears on the initial pleadings for any party shall be the attorney in charge, unless another attorney is specifically designated therein. Thereafter, until such designation is changed by written notice to the court and all other parties in accordance with Rule 21a, said attorney in charge shall be responsible for the suit as to such party . . . .

*Id*. R. 18.

**CONCLUSION**

We hold that there was a lawful foreclosure creating a tenancy at sufferance between Ebert and Day. Having overruled each of Ebert's other points of error, we affirm the judgment and the eviction.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: December 9, 2004