Juan Lopez BUTRON, et al., Appellants,

v.

Mark A. CANTU, et al., Appellees.

No. 13–97–152–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 7, 1997.

Rehearing Overruled Feb. 19, 1998.

Robert W. Johnson, Jr., Corpus Christi, Ronald G. Hole, Micaela Alvarez, Law Offices of Ronald G. Hole, McAllen, for Appellants.

Jose E. Garcia, Roberto L. Ramirez, William L. Hubbard, Law Office of Jose E. Garcia, McAllen, John E. Lewis, Lewis Pettitt & Hinojosa, McAllen, Jack C. Brock, Galveston, William E. Griffey, Mills Shirley Eckel & Bassett, Galveston, for Appellees.

Before DORSEY, YAÑEZ and CHAVEZ, JJ.

## OPINION

DORSEY, Justice.

This is an appeal[1] of a temporary Injunction prohibiting collection of a supersedeas bond. The 138th District Court of Cameron County rendered a judgment for Juan Bu-

---

1. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(4)　(Vernon 1997).

tron and Enrique Villarreal against Mark Cantu. A supersedeas bond was posted to prevent execution on the judgment, which has since been reviewed on appeal and affirmed. Cantu brought an action against the judgment creditors and their attorney for wrongful garnishment in the 93rd District Court of Hidalgo County, which granted a temporary injunction preventing them from removing or converting to cash the bond Cantu posted to supersede the judgment. It is this injunction that we here review. We dissolve the injunction.

### Procedural History

Juan Lopez Butron and Luis Enrique Cortinas Villarreal were plaintiffs in a wrongful death suit[2] filed in Cameron County and were represented by Attorney Mark A. Cantu. The parties settled the suit, and Butron and Villarreal received $1,627,670 and $1,600,000, respectively.

Afterwards, Butron and Villarreal sued[3] Cantu in the 138th District Court of Cameron County alleging legal malpractice and fraud. In May 1993, the 138th District Court rendered a judgment against Cantu for $1,019,840.53. Shortly after the court signed the judgment, Butron and Villarreal proceeded with post-judgment garnishments in the 138th District Court until Cantu posted a supersedeas bond to prevent further attempts to collect the judgment. The bonds now total $1,410,000.

Cantu appealed the judgment, we affirmed[4], and the Texas Supreme Court denied Cantu's application for writ of error. We issued our mandate on February 19, 1997.

Mark A. Cantu, P.C., Mark A. Cantu, individually, and his wife, Roxanne, sued Butron, Villarreal, and Robert W. Johnson, Jr., their attorney, in the 92nd District Court of Hidalgo County.[5] Cantu alleged that the defendants, in their attempt to satisfy the judgment, wrongfully garnished two of his bank accounts located in Hidalgo County. Cantu sought actual damages, punitive damages, and attorneys fees. He sought a declaratory judgment seeking to declare the judgment void. He also alleged certain tort causes of action.

On August 26, 1996,[6] Cantu filed a bill of review in the 138th District Court of Cameron County seeking to set aside the judgment. He later sought a temporary injunction in that case to prevent Butron et. al. from collecting on the supercedeas bond he had posted in that court. The injunction was denied.

However, on January 22, 1997, the 93rd District Court of Hidalgo County granted a temporary restraining order, restraining Butron and Villarreal from (1) levying or executing on the supersedeas bond filed to secure their judgment in the 138th District Court, and (2) levying or executing on any of Cantu's assets, including applying for a writ of garnishment or other post-judgment collection remedy for the purpose of collecting the judgment. The court extended the TRO.

On February 7, 1997, Cantu filed a second amended original application for injunctive relief and for writ of attachment.[7] Cantu asserted four reasons to support his request for an original writ of attachment and/or in the alternative, a temporary injunction order:

1. All of the Defendants are justly indebted to the Plaintiffs [Cantu] as a result of their wrongful conduct engaged in concerning the garnishment efforts;

2. A temporary injunction order seeking to maintain the status quo and/or the attachment of the only asset that exists in the State of Texas, this temporary injunction order and/or alternatively, writ of attachment is not sought for the purpose of

---

2. *Feliciano Lopez Barrones, et. al. v. Amigo Stores, Inc., et. al.* (Cause No. 88–07–4165–C(1)).

3. *Juan Lopez Butron, individually, et. al., and Luis Enrique Cortinas–Villarreal, individually, et. al. v. Mark A. Cantu* (Cause No. 91–11–8115–B).

4. *Cantu v. Butron,* 921 S.W.2d 344 (Tex.App.—Corpus Christi 1996, writ denied).

5. The suit was later transferred to the 93rd District Court of Hidalgo County.

6. *See* appellants' brief at page five.

7. Cantu filed this application in the 93rd District Court of Hidalgo County.

injuring or harassing the Defendants but so that this court's jurisdiction can be preserved and the state's compelling state interest in insuring appropriate remedies to its citizens is made;

3. The Plaintiffs in this action will be left with a hollow victory and a useless judgment and will be faced with imminent and irreparable injury and the resulting damages in that Plaintiffs will be left without any ability to collect on their debts and/or on the wrongs committed against all of the Plaintiffs unless this Court grants a writ of attachment and/or issues a temporary injunction order, and

4. There exists specific grounds for the writ of attachment to issue and/or for the temporary injunction order maintaining the status quo to be issued that are supported by law and specifically Section 61.002 of the Texas Civil Practice and Remedies Code.

On February 11, 1997, the 93rd District Court issued a temporary injunction order which stated, in relevant part:

Defendants Juan Lopez Butron and Luis Enrique Cortinas–Villarreal, Universal Surety of America, their agents, representatives, and any and all other persons or entities, are hereby commanded forthwith to desist and refrain from:

1. Intentionally, knowingly, or recklessly destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the only known asset, i.e., the Supersedeas Bond of the Defendants, i.e., parties herein, of either of them, with the intent to obstruct the authority of the Court and/or in an effort to defraud any creditors and/or specifically, the Plaintiffs [Cantu] herein who have demonstrated a serious irreparable harm occurring if the status quo is not maintained.

* * * * *

5. In any way removing, encumbering, converting to cash, and ordering the removal of the only known asset out of the hands and from the possession and control

of Universal Surety of America Bond # 9631373 as properly amended and identified by the official business records of the said Universal Surety of America.

### Analysis

By point one, appellants assert that the judge of the 93rd District Court of Hidalgo County erred in issuing the temporary injunction which in effect enjoined collection of the judgment rendered by the 138th District Court of Cameron County. Appellants argue that the 93rd District Court of Hidalgo County did not have jurisdiction to enjoin the collection of a judgment entered by the 138th District Court of Cameron County. We agree.

Section 65.013 of the Texas Civil Practice & Remedies Code permits suit for an injunction to stay execution of a judgment. TEX. CIV. PRAC. & REM.CODE ANN. § 65.013 (Vernon 1997); *McVeigh v. Lerner,* 849 S.W.2d 911, 914 (Tex.App.—Houston [1st Dist.] 1993, writ denied). Section 65.023(b) provides, however, that "A writ of injunction granted to stay proceedings in a suit or execution on a judgment must be tried in the court in which the suit is pending *or the judgment was rendered.*" TEX. CIV. PRAC. & REM.CODE ANN. § 65.023(b) (Vernon 1997) (emphasis added).

 This requirement that an action to enjoin execution on a judgment must be brought in the court in which the judgment was rendered is jurisdictional, and does not relate merely to venue. In *Switzer v. Smith,* 300 S.W. 31 (Tex. Comm'n App.1927), the Texas Commission of Appeals said in addressing the statutory predecessor of section 65.023(b),[8] "This is more than a mere venue statute, it has to do with jurisdiction."

 Section 65.023 is intended to ensure that comity prevails among the various Texas trial courts because "[o]rderly procedure and proper respect for the courts will require that . . . attacks upon their judgments should be made in the court rendering such judgment, rather than in other courts indiscriminately." *McVeigh,* 849 S.W.2d at 914 (quoting *Lloyds Alliance v. Cook,* 290 S.W.2d 716,

---

**8.** Art. 4656, Vernon's Texas Annotated Civil Statutes.

718 (Tex.Civ.App.—Waco 1956, no writ.)) The statute controls not just venue of this type of suit, but also jurisdiction as well, so long as the judgment in question is valid on its face. *McVeigh,* 849 S.W.2d at 914; *International Sec. Life Ins. Co. v. Riley,* 467 S.W.2d 213, 214 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.). This latter requirement of facial validity is a requirement that the judgment is not void. *McVeigh,* 849 S.W.2d at 914; *San Jacinto Fin. Corp. v. Perkins,* 94 S.W.2d 1213, 1214 (Tex.Civ.App.—El Paso 1936, no writ). "A judgment is void only when it is apparent that the court rendering judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court. [Other errors] render the judgment merely voidable...." *Cook v. Cameron,* 733 S.W.2d 137, 140 (Tex.1987).

▮ Appellee Cantu argues that the injunction at issue does not enjoin execution on a judgment and thus section 61.023(b) is not implicated, because the injunction here merely prohibits appellants from removing or collecting on the supersedeas bond that Cantu has posted. We disagree. The bond posted with the clerk of the 138th District Court of Cameron County is to secure the judgment rendered by that court; it supersedes execution and makes execution unnecessary. Rule 47, Texas Rules of Appellate Procedure, provides that a judgment debtor may suspend the execution of a judgment by filing a sufficient bond. Rule 47(j) further provides:

(J) Effect of Security. Upon the filing and approval of a proper supersedeas bond ..., execution of the judgment or so much therefor as has been superseded, shall be suspended, and if execution has been issued, the clerk shall forthwith issue a writ of supersedeas.

Similarly, Rule 634 of the Texas Rules of Civil Procedure provides that the clerk shall issue a writ of supersedeas suspending all further proceedings under an execution previously issued if a supersedeas bond is filed. The effect of a supersedeas bond is to suspend execution of the judgment, so the judgment creditor can look only to the bond for satisfaction of the judgment. To prevent recovery on the bond posted by the judgment debtor is to prevent recovery of the judgment. We hold that enjoining recovery on the supersedeas bond is the same as enjoining execution or collection of the judgment. Accordingly, only the court from which the judgment emanated could enjoin the enforcement of the judgment or collection on the posted bond. *See McVeigh,* 849 S.W.2d at 914.

In the instant case, the 138th District Court rendered the $1,019,840.53 judgment against Mark Cantu. He attempts to prevent Butron and Villarreal from executing on that judgment. Accordingly, Cantu had to bring his application for writ of injunction in the 138th District Court because that court had rendered the judgment. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 65.023(b) (Vernon 1997); *McVeigh,* 849 S.W.2d at 914. No other court had jurisdiction over that issue. Nothing in the record shows that the judgment is void. Thus, we hold that the 93rd District Court did not have jurisdiction to enter the temporary injunction order. We sustain point one.

By point nine, appellants assert that upon dissolution of the injunction, they are entitled to damages, pursuant to Section 65.031 of the Civil Practice & Remedies Code, equal to ten percent of the bond released. Section 65.031 provides:

If on final hearing a court dissolves in whole or in part an injunction enjoining the collection of money and the injunction was obtained only for delay, the court may assess damages in an amount equal to 10 percent of the amount released by dissolution of the injunction, exclusive of costs.

TEX. CIV. PRAC. & REM.CODE ANN. § 65.031 (Vernon 1997).

▮ The assessment of damages under § 65.031 is discretionary with the court. Butron recovered this judgment against Cantu in May, 1993, which was appealed and writ was denied by the supreme court in 1996. This Court issued its mandate on February 19, 1997. It was as of that date that the bond could have been collected to satisfy the judgment but for the temporary injunction, the subject of this appeal, which was granted

February 11, 1997. Although the judgment is large, the delay caused by the temporary restraining order and injunction is short during which interest on the judgment is accruing. Under the circumstances, we choose not to impose penalties under that section. We overrule point nine.

We REVERSE the trial court's judgment and ORDER that the temporary injunction is hereby DISSOLVED.