NUMBER 13-99-289-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


IN RE: RELIABLE DISTRIBUTING CO., INC.

____________________________________________________________________


On Petition for Writ of Mandamus and Writ of Prohibition.


____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Hinojosa, and Chavez


Opinion by Justice Hinojosa



 Relator, Reliable Distributing Co, Inc., has filed a petition
requesting this Court to issue a writ of mandamus ordering the
presiding judge of the Hidalgo County Court-at-Law No. One(1) to dismiss
Cause No. CL--31,112--A for lack of jurisdiction and to dissolve a
temporary injunction issued in that case. Relator also asks this Court
to issue a writ of prohibition enjoining the real parties-in-interest, Joe
H. Solis a/k/a Jose Solis d/b/a Valley Air & Electric Service and JHS
Valley Air & Electric, Inc., from filing any suit against relator and its
attorney, Joel H. Klein, in any county other than Bexar County if the suit
is related to an underlying Bexar County judgment, and to enjoin the
real parties-in-interest from filing any lawsuit that would impede or
prevent the collection of a Bexar County judgment.

 This Court asked the real parties-in-interest to file a response to
relator's petition. Joe H. Solis d/b/a Valley Air & Electric Service filed a
response, but JHS Valley Air & Electric, Inc. did not file a response. 
Without hearing oral argument, see Tex. R. App. P. 52.8(c), we grant the
writ of mandamus and deny the writ of prohibition.

 Reliable sued Joe H. Solis a/k/a Jose Solis d/b/a Valley Air &
Electric Service in Bexar County. On December 16, 1997, a Bexar
County Court-at-Law granted Reliable a judgment based on Solis's
deemed admissions. Contending that Reliable and Klein had
fraudulently obtained the judgment, Solis filed a motion for new trial,
which the Bexar County court orally granted. Because a written order
was not timely signed by the Bexar County court, the motion for new
trial was overruled by operation of law. Solis then filed a bill of review
which the Bexar County court denied. Solis appealed the denial to the
Fourth Court of Appeals in San Antonio. Solis signed a supersedeas
bond as principal and as sole surety, and filed it with the Bexar County
Clerk. 

 Believing that the supersedeas bond had not been approved by the
Bexar County Clerk, Reliable moved to execute on Solis's property in
Hidalgo County. Instead of seeking relief from the Bexar County court,
Solis filed suit in Hidalgo County alleging that Reliable was attempting
to execute on a judgment obtained through the fraudulent conduct of
Reliable and Klein. Solis further claimed that Klein had caused his
motion for new trial in the Bexar County court to be overruled, that
Reliable was attempting to execute on the judgment when a
supersedeas bond was on file in Bexar County, and that Reliable was
attempting to execute on property belonging to JHS Valley Air &
Electric, Inc., who was not a named party in the Bexar County
judgment.(2) Solis also sought injunctive relief to prevent Reliable from
executing on the Bexar County judgment. The Hidalgo County court
signed a temporary restraining order, and Reliable filed a motion to
dismiss the lawsuit because of improper venue and for want of
jurisdiction. Reliable also sought to have the restraining order
dissolved. After a hearing on December 17, 1998, the Hidalgo County
court signed a temporary injunction against Reliable.

 Mandamus will issue only to correct a clear abuse of discretion
when there is no adequate remedy by appeal. Mitchell Energy Corp. v.
Ashworth, 943 S.W.2d 436, 437 (Tex. 1997); Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). A trial court abuses its discretion when
it does not follow guiding rules and principles and reaches an arbitrary
and unreasonable decision. Republic Royalty Co. v. Evins, 931 S.W.2d
338, 342 (Tex. App.--Corpus Christi 1996, orig. proceeding); Excel
Corp. v. Valdez, 921 S.W.2d 444, 448 (Tex. App.--Corpus Christi 1996,
orig. proceeding); see Walker, 827 S.W.2d at 839. When one court
directly interferes with the jurisdiction of another, mandamus becomes
appropriate. In re McCall, 967 S.W.2d 934, 938-39 (Tex. App.--Corpus
Christi 1998, orig. proceeding); Republic, 931 S.W.2d at 341; Flores v.
Peschel, 927 S.W.2d 209, 211 (Tex. App.--Corpus Christi 1996, orig.
proceeding).

 "Actions to restrain execution of a judgment based on invalidity of
the judgment or of the writ shall be brought in the county in which the
judgment was rendered." Tex. Civ. Prac. & Rem. Code Ann. § 15.013
(Vernon 1986). "A writ of injunction granted to stay proceedings in a
suit or execution on a judgment must be tried in the court in which the
suit is pending or the judgment was rendered." Tex. Civ. Prac. & Rem.
Code Ann. § 65.023(b) (Vernon 1997). This requirement, that an action
to enjoin an execution on a judgment be brought in the court which
rendered the judgment, is jurisdictional. Butron v. Cantu, 960 S.W.2d
91, 94 (Tex. App.--Corpus Christi 1997, no writ). An order from a court
without jurisdiction is void. See id. at 95.

 After reviewing Solis's original petition, we conclude the
allegations are related to the validity of the proceedings before the Bexar
County court and its judgment. The Hidalgo County case is nothing
more than an attack on the execution of the Bexar County judgment
without resolving the issue of whether the supersedeas bond filed in
Bexar County is proper. Because jurisdiction and venue over these
allegations are mandatory in Bexar County, we hold the trial court
abused its discretion by refusing to dismiss this case for want of
jurisdiction and by issuing a void injunction order.

 We conditionally grant Reliable's request for a writ of mandamus
and order the presiding judge of the Hidalgo County Court-at-Law No.
One to dissolve the temporary injunction entered in Cause No.
CL--31,112--A and to dismiss said cause for want of jurisdiction. The
writ of mandamus will issue only in the event the presiding judge of the
Hidalgo County Court-at-Law No. One fails to comply with this order. 
We deny Reliable's request for a writ of prohibition.



 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 4th day of May, 2000.

1. We note that the Honorable Rodolfo Delgado was presiding judge of the
Hidalgo County Court-at-Law No. One at the time relator's petition was filed. Judge
Delgado has since resigned, and the Honorable Homero Vasquez is now presiding
judge of the Hidalgo County Court-at-Law No. One.
2. As stated previously, JHS Valley Air & Electric, Inc. did not file a response to
relator's petition.