NO. 07-04-0582-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 15, 2006

_____


GARY O. GARDNER, BEULAH DARLENE GARDNER,
HOLLISTER GARDNER, APPELLANTS

V.

LARRY PICKARD STEWART, SHERIFF OF SWISHER COUNTY, TEXAS;
HONORABLE ED SELF, ACTING AS SWISHER COUNTY JUDGE
IN CAUSE NO. 1795, APPELLEES

_____

FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;

NO. A10362-02-10; HONORABLE JACK D. YOUNG, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.


**OPINION**


By their sole issue, Gary O. Gardner, Beulah Darlene Gardner, and Hollister

Gardner contend the trial court erred in granting summary judgment for Larry Pickard

Stewart, Sheriff of Swisher County, and the Honorable Ed Self, acting as Swisher County

Judge, denying injunctive relief, and ordering they take nothing against Stewart and Self. We dismiss the purported appeal for want of jurisdiction.

By two instruments dated September 16, 1975, and April 25, 1977, the Gardners executed deeds of trust covering two tracts of land in Swisher County to secure payment of their indebtedness to USDA-FmHA. Upon the Gardners' default, and after posting written notice of default and private sale, the substitute trustee executed two deeds covering the real estate described in the deeds of trust to Saddlehorn Investments, Inc., its successors and assigns, forever. Then, upon hearing the application of Saddlehorn Investments, Inc. for forcible entry and detainer, by order signed July 17, 2002, the Justice Court Precinct 1 of Swisher County ordered that Saddlehorn Investments, Inc. was entitled to possession of the two tracts of land covered by the deeds of the substitute trustee. Upon the Gardners' appeal to Swisher County Court, District Judge Ed Self, acting as County Judge by assignment, signed an order on October 3, 2002, that Saddlehorn Investments, Inc. have possession of the property.

The Gardners did not bring suit against Saddlehorn Investments, Inc. seeking cancellation of the substitute trustee's deeds and an injunction ancillary to the determination of title as was discussed in Ogden v. Coleman, 660 S.W.2d 578, 583 (Tex.App.–Corpus Christi 1983, no writ). Instead, proceeding *pro se*, without joining Saddlehorn Investments, Inc. as a party, and seeking to cancel the deeds, the Gardners filed suit in the 64th District Court of Swisher County naming Stewart and Self as

2

defendants.  The Gardners describe their action as a collateral attack on the October 3, 2002 judgment of the Swisher County Court seeking to quash that judgment as of no effect and seeking that Saddlehorn Investments, Inc., although not named as a party, be enjoined from trespassing on the real estate or interfering with their farming operations.  They also sought a claim for damages.  After considering the motions for summary judgment of Stewart and Self, the court rendered judgment denying all relief sought by the Gardners.

Initially, we note that even though they are proceeding *pro se*, the Gardners are held to the same standards as a licensed attorney and must comply with the applicable laws and rules of procedure.  *See* Greenstreet v. Heiskell, 940 S.W.2d 831, 834 (Tex.App.--Amarillo 1997, no writ)*;* Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978) (holding litigants who represent themselves must comply with the procedures established by the rules notwithstanding the fact they are not licensed attorneys).  Before we consider the Gardners' sole issue, we first address the question of whether the Gardners' pleadings and action were effective to invoke the jurisdiction of the trial court.

As a matter of first consideration, any court has the duty to determine, *sua sponte*, whether it has jurisdiction to hear the case.  Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.--Amarillo 1994, writ denied).  As material to this question, section 65.023(b) of the Texas Civil Practice & Remedies Code requires that an application for an injunction to stay proceedings in a suit or execution on a judgment must be tried in the court in which the suit is pending or the judgment was rendered.  This requirement is jurisdictional and

does not relate merely to venue. *See* Butron v. Cantu, 960 S.W.2d 91, 94 (Tex.App.--Corpus Christi 1997, no writ)*;* Home Sav. Ass'n v. Ramirez, 600 S.W.2d 911, 913 (Tex.Civ.App.–Corpus Christi 1980, writ ref'd n.r.e.) (holding that a district court has no authority to issue injunction restraining enforcement of judgment of the county court where, as here, the judgment solely resolves who is entitled to immediate possession). Because the Gardners seek to challenge execution of the judgment of the County Court of Swisher County, the District Court of Swisher County did not have jurisdiction to consider the action and, hence, we have no jurisdiction of the purported appeal.

Accordingly, the purported appeal is dismissed for want of jurisdiction.


Don H. Reavis
Justice