In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-241 CV


NO. 09-08-200 CV


____________________



PATRICIA F. WESTBO, Appellant



V.



MARK A. METZGER, Appellee



and



IN RE PATRICIA F. WESTBO






On Appeal from the 1-A District Court


Tyler County, Texas


Trial Cause No. 20,735


and


Original Proceeding






 MEMORANDUM OPINION


 In cause number 09-08-241-CV, Patricia F. Westbo appeals and challenges the subject
matter jurisdiction of the district court in Tyler County over this case. In its judgment, the
Tyler County district court declared that the funds deposited with the Harris County District
Clerk and associated with the parties' Harris County divorce belonged to Mark A. Metzger. 
The judgment also enjoined Westbo from asserting any claim to those funds. Westbo
contends that the Tyler County district court erred because the injunction sought to stay
proceedings of the Harris County district court concerning its judgment in the parties'
divorce. See Tex. Civ. Prac. & Rem. Code Ann. § 65.023(b) (Vernon 2008). 

 In this appeal, Westbo argues the injunction is void and requests that we dismiss the
case. Westbo also filed a petition for writ of mandamus, cause number 09-08-200-CV,
seeking the same relief. We consolidated the two proceedings and address both in this
opinion. We hold that the district court in Tyler County did not have jurisdiction to enjoin
the parties from proceeding in Harris County; therefore, we vacate the trial court's judgment
and dismiss Metzger's claims without prejudice. We dismiss the writ of mandamus as moot.

Background

 Westbo and Metzger divorced in Harris County in 2002. See Metzger v. Metzger, No.
01-04-00893-CV, 2007 WL 1633445 (Tex. App.-Houston [1st Dist.] June 7, 2007, pet.
denied). The 247th District Court of Harris County entered the divorce decree. Westbo
subsequently filed in that court a petition seeking clarification of some of the terms of the
decree; this case was assigned cause number 2002-21703. Id. The trial court clarified the
divorce decree as it related to the division of the marital estate. Id. at **1-3. Metzger then
appealed the clarification order and deposited funds to supersede the divorce court's
judgment. (1) Id. The First Court of Appeals held that the 247th District Court exceeded its
jurisdiction and erred when it ruled on the ownership of assets in a particular trust. Id. at *7. 
As a result, the First Court of Appeals reformed the clarification order to delete the
provisions concerning the trust assets; otherwise, as modified, the First Court of Appeals
affirmed the clarification order. Id.

 At that point, and to prevent Westbo from collecting on the funds deposited in the
registry of the court, Metzger filed two separate suits. On November 26, 2007, Metzger filed 
cause number 20,735, which is the case now before us on appeal, in a district court in Tyler
County. The suit sought to enjoin further proceedings by any party in Harris County. In
cause number 20,735, Metzger asserted that in May 2006, Westbo signed a "Full Release"
in which she released her interest in the funds that Metzger had deposited with the District
Clerk of Harris County. Then, in December 2007, Metzger filed an almost identical suit in
Harris County against Westbo. In his Harris County suit, he included the District Clerk of
Harris County as a defendant. Metzger's Harris County suit, in which he asserted his claim
that Westbo released the funds on deposit in Harris County, was assigned cause number
2007-74745.

 Westbo did not file an answer in cause number 20,735 (Metzger's Tyler County suit),
and she did not attend the injunction hearing which occurred on February 8, 2008. After the
hearing, the Tyler County trial court entered its judgment and enjoined Westbo from
attempting to collect the funds on deposit in Harris County. The record before us also
includes an order entered by the Harris County trial court directing that the funds on deposit
with the Harris County District Clerk remain in the registry of the court until further order
of the Harris County court.

Analysis

 This appeal requires that we construe section 65.023 of the Texas Civil Practice and
Remedies Code. This section provides: "A writ of injunction granted to stay proceedings in
a suit or execution on a judgment must be tried in the court in which the suit is pending or
the judgment was rendered." Tex. Civ. Prac. & Rem. Code Ann. § 65.023(b) (emphasis
added). 

 Westbo contends that section 65.023(b) requires that an action to enjoin the execution
of a judgment be brought in the court where the judgment was rendered. According to
Westbo, the Civil Practice and Remedies Code deprives the district court in Tyler County of
jurisdiction to enter an injunction to prohibit her from executing on the judgment she
obtained in Harris County.

 Metzger, on the other hand, argues that the trial court in Tyler County was authorized
to construe and enforce a release that arose from litigation between these same parties over
real property located in Tyler County. According to Metzger, "this is a suit to enforce a final
judgment construing a full release." Metzger asserts the trial court's jurisdiction in this case
is provided by Article 5, Section 8 of the Texas Constitution, which states in part as follows:
"District Court judges shall have the power to issue writs necessary to enforce their
jurisdiction." 

 First, we address whether section 65.023 concerns a trial court's jurisdiction to act. 
Courts interpreting section 65.023 have held that the statute's requirement to file injunctions
in the court in which the suit is pending or from which the judgment emanated does not relate
merely to venue; it is jurisdictional. Gardner v. Stewart, 223 S.W.3d 436, 438 (Tex.
App.-Amarillo 2006, pet. denied); Hageman/Fritz, Byrne, Head & Harrison, L.L.P. v. Luth,
150 S.W.3d 617, 629 (Tex. App.-Austin 2004 no pet.); Butron v. Cantu, 960 S.W.2d 91, 94
(Tex. App.-Corpus Christi 1997, no writ); McVeigh v. Lerner, 849 S.W.2d 911, 914 (Tex.
App.-Houston [1st Dist.] 1993, writ denied); see also Evans v. Pringle, 643 S.W.2d 116,
117-18 (Tex. 1982). In Butron, the Corpus Christi Court of Appeals stated: "The statute
[section 65.023] controls not just venue of this type of suit, but also jurisdiction as well, so
long as the judgment in question is valid on its face." 960 S.W.2d at 95. We likewise
conclude that the statute as applied to the facts before us is jurisdictional. 

 Next, we note that, among other things, section 65.023 concerns enjoining execution
on judgments. In this case, the trial court enjoined the parties from executing on the funds
Metzger deposited to supersede the judgment. The Butron Court, under a situation involving
executing on a supersedeas bond, held "that enjoining recovery on the supersedeas bond is
the same as enjoining execution or collection of the judgment." 960 S.W.2d at 95. We
likewise hold that enjoining the parties from seeking recovery on funds posted in the court's
registry is the same as enjoining the parties from the execution or collection of the judgment
for purposes of section 65.023(b). 

 Next, we address Metzger's argument that the trial court's jurisdiction over this case
arises under Article 5, Section 8 of the Texas Constitution. We conclude otherwise, as we
are not persuaded by Metzger's argument that the Tyler County district court's injunction
serves the purpose of enforcing the two judgments it had previously entered in litigation
between these same parties. In the first of the Tyler County cases (cause number 18,770),
Metzger filed a trespass to try title suit. The parties settled, and the trial court approved a
mediated settlement agreement. Under the judgment approving the settlement, Metzger
received the ownership of stock in a corporation and the title to real property located in Tyler
County in exchange for his $45,000 payment to Westbo. After the judgment was entered,
Westbo apparently failed to sign deeds to the property that the court had awarded to Metzger. 
As a result, Metzger filed a petition to enforce the judgment. Ultimately, to resolve the issues
raised by Metzger's enforcement action, Westbo signed the "Full Release" and Metzger
subsequently non-suited his request to enforce the judgment. The judgment entered by the
Tyler County district court in cause number 18,770 does not attempt to interpret the terms
of the "Full Release" now in dispute between the parties.

 Seeking declaratory relief under the release, Metzger filed a declaratory judgment
action against Westbo in cause number 20,053. Westbo did not answer. Metzger apparently
moved for summary judgment. The trial court's summary judgment states that the release
is valid, that it was not procured by fraud, and that it was supported by consideration. Those
issues, however, are not now in dispute. 

 In contrast, the current issue between these parties is whether the "Full Release"
operates as a release of Westbo's claim to the funds on deposit with the District Clerk of
Harris County. That issue concerns the construction of the terms of the release and how they
may affect the Harris County judgment. The construction of the terms of the "Full Release"
was not addressed by either of the previous Tyler County district court judgments. 

 In conclusion, the injunction issued by the Tyler County district court operated to stay
the proceedings by the parties in Harris County and to prevent Westbo from moving forward
with her efforts in Harris County to execute on the judgment. The district court in Tyler
County, under the unusual facts and circumstances here, did not have subject matter
jurisdiction to grant injunctive relief that prevented the parties from proceeding with
collection efforts that would ultimately involve a court's interpretation of terms of the "Full
Release" that had not previously been interpreted by a court. See Tex. Civ. Prac. & Rem.
Code Ann. § 65.023(b). Therefore, the Tyler County district court acted without subject
matter jurisdiction in issuing the injunction; its judgment is therefore void. See generally
Reiss v. Reiss, 118 S.W.3d 439, 443 (Tex. 2003). Accordingly, we vacate the Tyler County
district court's judgment in cause number 20,735 and dismiss Metzger's claims without
prejudice. See Tex. R. App. P. 43.2(e). We dismiss Westbo's petition for mandamus in cause
number 09-08-200-CV. See Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig.
proceeding) ("[M]andamus will not issue where there is an adequate remedy by appeal[.]"). 
 ORDER VACATED; PETITION FOR WRIT OF MANDAMUS DISMISSED.



 ____________________________

 HOLLIS HORTON

 Justice 


Submitted on October 15, 2008

Opinion Delivered November 26, 2008

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. In several proceedings, the parties litigated issues concerning the amount that
Metzger had been ordered to deposit in the registry to secure the district court's judgment in
the divorce. See In re Metzger, No. 01-06-00622-CV, 2006 WL 2075940 (Tex.
App.-Houston [1st Dist.] July 27, 2006, orig. proceeding); In re Metzger, No. 01-06-00651-CV, 2006 WL 2076030 (Tex. App.-Houston [1st Dist.] July 27, 2006, orig. proceeding); In
re Metzger, No. 01-05-00437-CV, 2005 WL 1111078 (Tex. App.-Houston [1st Dist.] May
3, 2005, orig. proceeding).