# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00104-CV

**Victor Seghers, Appellant**

**v.**

**Carol Kormanik, Appellee**

### FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT
### NO. 2013V-016, HONORABLE JEFF R. STEINHAUSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Victor Seghers obtained a $130,000 judgment against his former attorney, Ron Kormanik, in a Harris County district court.[1]  After the judgment became final, Seghers's attorney obtained a writ of execution and transmitted it to the Fayette County sheriff, Hon. Keith Korenek, requesting that Korenek execute on a 98.3-acre parcel within the county that counsel was "advised" Ron owned.  Korenek proceeded to seize and levy upon the property and issued notice that the property would be sold at a public auction to be held on February 5, 2013.  Following issuance of the notice of sale, Ron's wife, appellee Carol Kormanik, who was not a party to the suit between Ron and Seghers, filed suit in Fayette County district court against Sheriff Korenek, in his official capacity, alleging that she, not Ron, owned the parcel at issue as her separate property, and seeking temporary and permanent injunctive relief to restrain the sale.  The district court granted a temporary

---

[1] According to Mr. Kormanik, he initiated the litigation to recover allegedly unpaid legal fees from Seghers, but Seghers counterclaimed seeking damages for breach of fiduciary duty and ultimately prevailed at trial.

restraining order. Seghers intervened in opposition to the injunctive relief, asserted a claim against Carol for wrongful injunction, and requested sanctions. Following a hearing, the district court granted a temporary injunction restraining any sale of the parcel by Sheriff Korenek or anyone acting on his behalf.

Seghers appeals from the order granting the temporary injunction,[2] urging in four issues that (1) the district court lacked subject-matter jurisdiction to grant the relief; that the district court abused its discretion by granting the temporary injunction without any supporting (2) evidence or (3) pleadings; and that (4) the temporary injunction is "void" for failure to set a trial date. During the pendency of this appeal, the district court has issued an otherwise identical temporary injunction that adds a trial date, rendering Seghers's fourth issue moot.[3] As for Seghers's remaining issues,[4] we will overrule them and affirm the district court's order.

## ANALYSIS

### Subject-matter jurisdiction

Whether a trial court has subject matter jurisdiction over a matter is a question of law that we review de novo. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012).

---

[2] *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4) (allowing interlocutory appeal from order granting temporary injunction).

Sheriff Korenek does not appeal.

[3] *See* Tex. R. App. P. 29.5 (trial court may make further orders pending appeal "including one dissolving the order complained of on appeal"); *Tanguay v. Laux*, 259 S.W.3d 851, 855–56 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding trial court had jurisdiction under rule 29.5 to dissolve injunction order that lacked trial date and issue otherwise identical injunction order setting case for trial while appeal was pending).

[4] We treat Seghers's appeal as challenging the amended temporary injunction. *See* Tex. R. App. P. 27.3.

2

The civil practice and remedies code permits a suit for an injunction to stay execution on a judgment. *See* Tex. Civ. Prac. & Rem. Code § 65.023; *Butron v. Cantu*, 960 S.W.2d 91, 94 (Tex. App.—Corpus Christi 1997, no writ); *McVeigh v. Lerner*, 849 S.W.2d 911, 914 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Section 65.023(b) provides, however, that "[a] writ of injunction granted to stay . . . execution on a judgment must be tried in the court in which . . . the judgment was rendered." Tex. Civ. Prac. & Rem. Code § 65.023(b). This requirement is jurisdictional. *See Gardner v. Stewart*, 223 S.W.3d 436, 438 (Tex. App.—Amarillo 2006, pet. denied); *Butron*, 960 S.W.2d at 94; *McVeigh*, 849 S.W.2d at 914.

In his first issue, Seghers maintains that if Carol wanted to stay execution of the judgment, she was required to do so in the court in which the judgment was rendered—the 190th district court in Harris County—and that the district court below, consequently, lacked jurisdiction to grant the relief it did. Carol responds that she did not seek to stay execution of the judgment against Ron as contemplated by section 65.023(b), but only to prevent her own separate property from being sold to satisfy a judgment for which she is not personally liable. She emphasizes that she was not a party to the suit in the 190th district court and asserts that section 65.023 only applies to parties to the underlying suit.

The First Court of Appeals recently analyzed this issue and joined with several other appellate courts in concluding that "section 65.023(b) does not apply to situations in which a non-party to the underlying judgment seeks to prevent execution on that judgment from its assets." *Shor v. Pelican Oil & Gas Mgmt., LLC*, — S.W.3d —, No. 01-11-01062-CV, 2013 WL 682895, at *8 (Tex. App.—Houston [1st Dist.] Feb. 26, 2013, no pet.) (citing *Zuniga v. Wooster Ladder Co.*, 119 S.W.3d 856, 861 (Tex. App.—San Antonio 2003, no pet.); *Williams v. Murray*, 783 S.W.2d 233,

3

235 (Tex. App.—Corpus Christi 1989, no writ); *Van Ratcliff v. Call*, 10 S.W. 578, 579 (Tex. 1889) (holding that predecessor to section 65.023(b) "has no application" to non-party who seeks to prevent execution on judgment)).

In *Shor*, a Nueces County court entered judgment in favor of Shor against an individual, Paul Black, and several entities owned, in whole or in part, by Black. *Shor*, 2013 WL 682895, at *1. Shor then obtained a turnover order from the Nueces County court, stating that the judgment debtors were the owners of "shares/stock/stock certificates/ownership interests" in twenty-three entities related to Black. *Id*. The turnover order required Black and certain other judgment debtors to turn over for levy to the sheriff of Nueces County "all documents and records related to" the "shares/stocks/stock certificates/ownership interests" in the twenty-three entities, as well as "all real and personal property located" at an office building in Corpus Christi. *Id*. Pursuant to the order, Shor took possession of the office, as well as the business records and files of the twenty-three entities. *Id*. Several of those twenty-three entities (the applicants) filed suit in Grimes County seeking a declaration that they were, in fact, not owned by a judgment debtor, and were not subject to execution to satisfy the debts of the judgment debtors. *Id*. at *2. The applicants also applied for a TRO, and temporary and permanent injunctive relief to enjoin Shor from seizing any of their assets until a legal determination was made as to their claims for declaratory relief. *Id*.

The applicants alleged that they were not parties to the Nueces County judgment and, therefore, Shor could not use their assets to satisfy that judgment. *Id*. Shor argued that Grimes County lacked jurisdiction pursuant to section 65.023(b), and that an injunction relating to execution on a judgment had to be heard in the court in which the judgment was originally rendered—in that case, the Nueces County court. *Id*. at *6.

4

After analyzing the history of section 65.023(b) and relevant case law, the First Court concluded that the Grimes County court had jurisdiction to enter an injunction. *Id*. at *6-9. Central to the court's conclusion was the fact that the applicants did "not attack the merits of the Nueces County Judgment, [they did] not question the validity of that judgment, and [they did] not present defenses to that judgment that should have been adjudicated in the underlying proceeding." *Id*. at *8. Instead, the applicants only sought declarations that they were not liable for the original judgment debtor's debts and injunctive relief to preserve the status quo until the trial court could determine the proper ownership of the assets. *Id*. The court also noted that the trial court's temporary injunction order did not interfere with Shor's ability to execute on the assets of the judgment debtors to satisfy his judgment. *Id*. Accordingly, because section 65.023(b) did not apply to the applicants, the First Court held that the trial court properly exercised subject matter jurisdiction over the application for temporary injunction. *Id*. at *9.

Similarly here, Seghers obtained a judgment against Ron and a writ of execution from the 190th district court in Harris County. He then attempted to seize certain property in Fayette County that he maintains belongs to Ron. Like the applicants in *Shor*, Carol contends that the property is wholly separate from that of Ron, the judgment debtor, and that since she was not a party to the underlying dispute, her property cannot be seized and sold to satisfy the judgment debt. Also like the applicants in *Shor*, Carol does not attack the merits of the 190th district court judgment, she does not question the validity of that judgment, and she did not present defenses to that judgment that should have been adjudicated in the underlying proceeding. Instead, through her request for injunctive relief, she merely requested the court preserve the status quo until it could finally

5

determine the proper ownership of the disputed property. We agree with the analysis in *Shor* and conclude that the district court had jurisdiction to enjoin Seghers. We overrule Seghers's first issue.

**Temporary injunction**

In his remaining two issues, Seghers asserts that even if the district court below had subject-matter jurisdiction, it abused its discretion in granting injunctive relief.

### *Standard of review*

A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Id*. To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id*. An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Id*.

Whether to grant or deny a temporary injunction is within the trial court's sound discretion. *Id*. A reviewing court should reverse an order granting injunctive relief only if the trial court abused that discretion. *Id*. A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 661 (Tex. 2009), or when it acts without reference to any guiding rules or principles, *Cires v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004). In conducting an abuse of discretion review, the reviewing court must consider the whole record. *Mercedes-Benz Credit Corp.*

6

*v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).  The reviewing court must not substitute its judgment for the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion.  *Butnaru*, 84 S.W.3d at 204.

### *Pleading a cause of action*

In his third issue, Seghers argues that the trial court abused its discretion in granting the temporary injunction because Carol "did not allege any viable cause of action," the first requirement she must satisfy to obtain a temporary injunction.  *See Butnaru*, 84 S.W.3d at 204.  The gravamen of Seghers's argument is that Carol seeks a "naked" injunctive remedy without any underlying right to relief, injunctive or otherwise.  To the contrary, Carol's claims for injunctive relief are founded on an underlying claim of property rights in the 98.3-acre parcel at issue, rights whose recognition and protection are at the core of our legal system.  *See, e.g.*, Tex. Const. art. I, § 17.  More specifically, Carol asserts that the parcel is her sole and separate property, not Ron's, and that the State or private parties cannot take it from her to satisfy a judgment against Ron or any other third party.  *See Long v. Castaneda*, 475 S.W.2d 578, 585 (Tex. Civ. App.—Corpus Christi 1971, writ ref'd n.r.e.) ("Injunction will properly lie to restrain an execution sale, where the judgment debtor has no interest in the property subject to execution at the time of sale, and the sale can cause irreparable harm to the true owner."); *see also In re Jorden*, 249 S.W.3d 416, 421 (Tex. 2008) (defining "cause of action" as "a factual situation that entitles one person to obtain a remedy in court from another person" (citing Black's Law Dictionary (8th ed. 2004))); *Lavigne v. Holder*, 186 S.W.3d 625, 629 (Tex. App.—Fort Worth 2006, no pet.) (party stated claim for relief to permanent injunction in suit to enjoin foreclosure sale).  To the extent that Seghers is contending that Carol must seek a final judgment awarding some form of relief other than a

7

permanent injunction, he is mistaken. *See, e.g.*, *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex. 1968); *Lavigne*, 186 S.W.3d at 629.

### *Evidence*

In his second issue, Seghers maintains that the trial court abused its discretion in granting injunctive relief because the request was unsupported by evidence. "As a prerequisite to a temporary injunction, probable right to recovery and probable injury must be established by competent evidence at a hearing." *Goldthorn v. Goldthorn*, 242 S.W.3d 797, 798 (Tex. App.—San Antonio 2007, no pet.). A trial court abuses its discretion if it issues an injunction that is not supported by any evidence. *See Operation Rescue–National v. Planned Parenthood of Houston & S.E. Tex., Inc.*, 975 S.W.2d 546, 560 (Tex. 1998); *Alert Synteks, Inc. v. Jerry Spencer, L.P.*, 151 S.W.3d 246, 253 (Tex. App.—Tyler 2004, no pet.).

At the hearing on the temporary injunction, Carol's attorney presented argument but did not formally introduce any witness testimony or documentary evidence. However, in her filings with the district court, Carol included an affidavit from Ron, to which was attached several exhibits. Among these was a 2007 partition agreement that facially appears to set aside the 98.3-acre parcel, among other assets, as Carol's separate property. Other exhibits and Ron's affidavit testimony also indicated an ongoing risk that the parcel would be sold to satisfy Seghers's judgment absent judicial intervention. During the hearing on the temporary injunction, importantly, the district court indicated that it was considering these materials, and Seghers raised no objection. Although Seghers now disputes the admissibility of the materials and whether the district court could properly consider them, we conclude these complaints are waived. *See Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 684 n.2 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding party could not complain on appeal

8

about trial court's consideration of affidavits to support temporary injunction "when, after having been advised that trial court would do so," he did not object, and noting that trial court declaring that it would consider affidavits "was tantamount to its having—rightly or wrongly—admitted those affidavits into evidence").

The partition agreement is some evidence that the disputed property is Carol's separate property and therefore not subject to execution to satisfy the debts of her husband. *See* Tex. Fam. Code §§ 3.202 ("A spouse's separate property is not subject to liabilities of the other spouse unless both spouses are liable by other rules of law."); 4.102 ("At any time, the spouses may partition or exchange between themselves all or part of their community property, then existing or to be acquired, as the spouses may desire. Property or a property interest transferred to a spouse by a partition or exchange agreement becomes that spouse's separate property . . . ."). Consequently, we conclude that the record demonstrates that a bona fide dispute exists concerning whether the property in question is subject to satisfaction of the judgment against Ron. *See Northwest Bank v. Garrison*, 874 S.W.2d 278, 281 (Tex. App.—Houston [1st Dist.] 1994, no writ) (in reviewing trial court's grant of a temporary injunction, "[t]he controlling question is whether the evidence discloses a bona fide dispute"). Thus, we conclude that Carol has shown a probable right to relief. *Lavigne*, 186 S.W.3d at 627-29.

The record further indicates that Sheriff Korenek seized the disputed property, issued a notice of sale on February 5, 2013, and that the prospect remains that the property will be sold in the future absent judicial relief. This is sufficient evidence of a "probable, imminent, and irreparable injury." *See Rus-Ann Dev., Inc. v. ECGC, Inc.*, 222 S.W.3d 921, 927 (Tex. App.—Tyler 2007, no pet.) ("In Texas, the potential loss of rights in real property is a probable, imminent, and

9

irreparable injury that qualifies a party for a temporary injunction." (citing *Franklin Savs. Ass'n v. Reese*, 756 S.W.2d 14, 15-16 (Tex. App.—Austin 1988, no writ) (op. on reh'g))).

We conclude that the district court did not abuse its discretion in granting the temporary injunction. *Shor*, 2013 WL 682895, at *10-13; *see also Williams v. Norwest Bank Montana*, No. 09-99-096-CV, 1999 WL 651072, at *3 (Tex. App.—Beaumont Aug. 26, 1999, no pet.) (not designated for publication) (per curiam) (trial court did not abuse its discretion in granting temporary injunction in suit to declare certain allegedly separate property subject to satisfaction of judgment debt against spouse). We overrule Seghers's second issue.

## CONCLUSION

We affirm the district court's order granting the temporary injunction. We intend no comment regarding the ultimate merits of the parties' claims upon final trial.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:   June 26, 2013

10