

## NUMBER 13-15-00409-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

CITY OF PHARR,                                                **Appellant,**

**v.**

GERMAN GARCIA, ANNA LEAL,
DOMINGO LOPEZ JR.,
SAN JUANITA DE LA FUENTE,
AND EZEQUIEL PEREZ,                               **Appellees.**

### On appeal from the 430th District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Benavides**

By one issue in this interlocutory appeal, appellant, the City of Pharr ("the City"),

argues that the trial court erred by denying its plea to the jurisdiction. We affirm in part

and reverse and remand in part for further proceedings consistent with this opinion.

## I.     BACKGROUND

### A.     County Court at Law Number One Case

In 2008, the City sued Jose Escamilla for alleged violations of the City's zoning ordinance regarding Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas.[1]  In that lawsuit, the City requested a temporary restraining order and injunction against Escamilla. In 2009, the City and Escamilla implemented an Agreed Final Order that contained a permanent injunction and the following language:

> IT IS THEREFORE ORDERED that the Defendant JOSE ESCAMILLA and all other occupants, assigns, or grantees be and are hereby ordered as follows:

> Shall not use the property located at Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas in any manner not consistent with the allowed residential uses pursuant to Pharr zoning ordinances as may be amended from time to time.   Neither Defendant Jose Escamilla nor other occupants, assigns, and grantees shall be allowed to use the property for commercial purposes, directly or indirectly, and shall not be allowed to store equipment or other items of commerce.

In 2013, Escamilla sold Lot 65 to Easton Acquisition, Inc. ("Easton").   Easton filed for and secured from the City a rezoning of Lot 65 from a single-family residential district to office-professional district.

In early 2014, appellees German Garcia, Anna Leal, Domingo Lopez, Jr., San Juanita De La Fuentes, and Ezequiel Perez, collectively referred to as Garcia, filed an original petition in intervention in County Court at Law One, seeking compliance with the Agreed Final Order, which is the same relief they are requesting in the present case. Later in 2014, the City filed its Motion to Vacate the Final Order and Motion to Dismiss,

---

[1]   The original cause number in the county court at law case was CL-08-0136-A, which is not a part of this appeal.

2

asking the trial court to set aside the Agreed Final Order because there had been a change in circumstances and the relief requested was no longer needed. The trial court, following a hearing, granted the City's request and dismissed the case. Garcia did not appeal the 2014 order dismissing the injunction in the county court case.

Following the dismissal, Garcia asked the trial court to issue findings of fact and conclusions of law, which included the following:

**Findings of Fact:**

9. On March 4, 2014, Intervenors (Garcia) filed their Intervenors' Original Petition in Intervention seeking an Order from this Court compelling compliance with the Court's prior Agreed Final Order.

. . . .

11. On March 12, 2014, Intervenors filed their Motion for Contempt and Motion for Costs, seeking an Order from this Court finding Plaintiff, Defendant, and others in contempt of this Court for violating the Court's prior Agreed Final Order.

. . . .

19. The conditions existing at or surrounding the property located at Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas, as of the day of hearing on Plaintiff City of Pharr's Motion to Vacate Final Order and Motion to Dismiss, August 20, 2014, have changed from the conditions that existed prior to the entry of the Court's Agreed Final Order of December 2, 2009.

**Conclusions of Law:**

14. The Court having found circumstances had changed to allow vacation of the prior Agreed Final Order, and the Court having vacated that Order, there remains no actual controversy between the parties and all other pending motions are moot, or in the alternative are denied as without merit. *See Thompson v. Ricardo*, 269 S.W.3d 100 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

**B. 430th District Court Case**

Prior to the dismissal of the City's claim in County Court at Law Number One, Garcia filed this suit against the City in the 430th District Court. Garcia asserted a claim of inverse condemnation, seeking damages for the City's failure to enforce the Agreed Final Order out of County Court at Law Number One regarding Lot 65. Additionally, Garcia filed ultra vires claims against the city council members and members of the zoning board in their official capacities and negligence claims against Escamilla and Easton Acquisition, Inc. Garcia asked the trial court to issue a temporary injunction and declaratory judgment voiding the rezoning of Lot 65 and enforcing the prior injunction issued by County Court at Law Number One.

After a hearing and additional briefing being submitted, the trial court dismissed with prejudice the claims against the city officials sued in their official capacity and denied the City's plea to the jurisdiction relating to the declaratory judgment and inverse condemnation claims. This interlocutory appeal followed.

## II. THE PLEA TO THE JURISDICTION

By its sole issue, the City argues the trial court erred by denying its plea to the jurisdiction. In order to address the City's plea to the jurisdiction, we must consider three sub-issues: (1) the declaratory judgment; (2) the claim of inverse condemnation; and (3) the ultra vires claims made against city officials.

**A. Standard of Review**

A plea to the jurisdiction based on governmental immunity challenges a trial court's subject-matter jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). "On appeal, because the question of subject matter

4

jurisdiction is a legal question, we review the trial court's ruling on a plea to the jurisdiction under a *de novo* standard of review." *Guadalupe-Blanco River Auth. v. Pitonyak*, 84 S.W.3d 326, 333 (Tex. App.—Corpus Christi 2002, no pet.). "To determine whether the plaintiff has affirmatively demonstrated the court's jurisdiction to hear the case, we consider the facts alleged by the plaintiff, and to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties." *Id.*

"Like the trial court, we must construe the pleadings in the plaintiff's favor and look to the pleader's intent." *Id.* "Our task is not to determine the merits of the case but rather to examine the petition, taking as true the facts pled, and determine whether those facts support jurisdiction in the trial court." *Id.* If the evidence raises a fact question on jurisdiction, the plea must be denied. *See Miranda*, 133 S.W.3d at 227–28. But if the pleadings affirmatively negate jurisdiction, the plea must be granted. *Id.* at 226–27. "This standard mirrors our review of summary judgments, and we therefore take as true all evidence favorable to [Garcia], indulging every reasonable inference and resolving any doubts in his favor." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009).

## B.    Declaratory Judgment

The City argues that Garcia did not establish sufficient evidence to establish the jurisdiction of the district court to enter a declaratory judgment relating to orders from the county court.

### 1.    Case Law

"To establish subject matter jurisdiction, the pleader must allege facts that affirmatively demonstrate the court's jurisdiction to hear the case." *Jansen v. Fitzpatrick*, 14 S.W.3d 426, 431 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Since the "concept

5

of 'standing' is an element of subject matter jurisdiction, it is generally reviewed under the same standard of subject matter jurisdiction." *Id.* "When the lack of jurisdiction can be determined by the allegations in the plaintiff's petition, there is no need for the court to receive evidence." *Id.* However, "when the lack of jurisdiction is not apparent from the face of the plaintiff's pleading, the defendant must prove any assertions of fraudulent allegations of jurisdiction, either by filing affidavits and discovery products or by calling live witnesses at a hearing." *Id.* "If the court does not have jurisdiction over the subject matter of the suit, it must dismiss the case without prejudice." *Id.* "Thus, as a threshold matter, we must determine whether a lack of jurisdiction is apparent from the face of the [appellee's] pleading." *Id.* "If we cannot conclude that the court lacks jurisdiction from the face of the pleadings, then we may consider any evidence of fraudulent allegations the defendant produced." *Id.*

"A writ of injunction granted to stay proceedings in a suit or execution on a judgment must be tried in the court in which the suit is pending or the judgment was rendered." TEX. CIV. PRAC. & REM. CODE ANN. § 65.023(b) (West, Westlaw through 2015 R.S.). "This requirement that an action to enjoin execution on a judgment must be brought in the court in which the judgment was rendered is jurisdictional, and does not relate merely to venue." *Butron v. Cantu*, 960 S.W.2d 91, 94 (Tex. App.—Corpus Christi 1997, no writ). "Section 65.023 is intended to ensure that comity prevails among the various Texas trial courts because '[o]rderly procedure and proper respect for the courts will require that . . . attacks upon their judgments should be made in the court rendering such judgment, rather than in other courts indiscriminately." *Id.* (quoting *McVeigh v. Lerner*, 849 S.W.2d 911, 914 (Tex. App.—Houston [1st Dist.] 1993, writ denied)).

6

## 2. Discussion

Garcia was an intervenor in County Court at Law Number One, where the previous injunction was granted. That action was subsequently dismissed by the county court at law because it found that circumstances surrounding Lot 65 had materially changed, no longer requiring the injunction to be in effect. Garcia is now asking the 430th District Court to reverse the County Court at Law Number One dismissal and reinstate the injunction. Garcia, however, ignored the findings of fact issued by County Court at Law Number One, which state that the facts have changed and determined the issue regarding the zoning of Lot 65 was moot. Additionally, Garcia did not update his original petition in the 430th District Court to address the dismissal of the injunction in County Court at Law Number One.

By intervening, Garcia was made a party to the original lawsuit in County Court at Law Number One. Garcia cannot, now, ask the district court to overrule the county court at law's decision and reinstate an order issued by another court. *See Butron*, 960 S.W.2d at 94. Even though the lack of Garcia's standing may not have been apparent from the face of his pleadings, which were not amended following the dismissal of the suit in 2014, by looking at the City's pleadings and evidence, Garcia's lack of standing is apparent. *See Jansen*, 14 S.W.3d at 431. The City attached the dismissal and findings of fact and conclusions of law written by the County Court at Law Number One judge. *See id.*

Therefore, any attempts by Garcia to reinstate the Agreed Final Order from the County Court at Law Number One case should have been filed in County Court at Law Number One. *See Butron*, 960 S.W.2d at 94. The 430th District Court did not have

7

jurisdiction over that cause of action because Garcia does not have standing in that court. We conclude the portion of the City's plea to the jurisdiction based on Garcia's lack of standing should have been granted. We sustain the City's issue as to the declaratory judgment action.

### C. Inverse Condemnation

### 1. Case Law

"The Texas Constitution resolves the tension between private property rights and the government's ability to take private property by requiring takings to be for public use, with the government paying the landowner just compensation." *Kopplow Dev., Inc. v. City of San Antonio*, 399 S.W.3d 532, 535 (Tex. 2013) (citing Tex. Const. art. I,§ 17). "Takings may be categorized as either statutory (if the government compensates the owner for the taking) or inverse (if the owner must file suit because the government took, damaged, or destroyed the property without paying compensation)." *Id.* at 536. "When a landowner's property has been taken or damaged for public use without compensation, the landowner may bring an inverse condemnation proceeding." *Walton v. City of Midland*, 409 S.W.3d 926, 930 (Tex. App.—Eastland 2013, pet. denied).

The elements of an inverse condemnation claim are: (1) the governmental entity intentionally performed an act in the exercise of its lawful authority, (2) that resulted in the taking, damaging, or destruction of the claimant's property, (3) for public use. *Id.* "An inverse condemnation claim may be based on a physical or regulatory taking." *Id.*

### 2. Discussion

Garcia alleged his inverse condemnation claim under Article I, Section 17 of the Texas Constitution for the first time before the 430th District Court. *See* Tex. Const. art.

8

1, § 17. In determining the jurisdiction of the court, Garcia is simply required, "when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue." *Miranda*, 133 S.W.3d at 228. In addition to his pleadings, Garcia attached evidence that showed a disputed fact issue between the parties. Under a plea to the jurisdiction, "by reserving for the fact finder the resolution of disputed jurisdictional facts that implicate the merits of the claim or defense, we preserve the parties' right to present the merits of their case at trial." *Id.*

Garcia claims that the re-zoning of Lot 65 has damaged and devalued the market value of their properties and the City has not adequately compensated them for their damages and losses. Based on the evidence attached to his pleadings, Garcia has raised a fact issue regarding jurisdiction for the trial court to consider. We overrule the City's issue regarding Garcia's inverse condemnation claim.

### D.    Ultra Vires

#### 1.    Case Law

"A plaintiff may sue a governmental employee or official in the person's official capacity, individual capacity, or both." *Nueces Cty v. Ferguson*, 97 S.W.3d 205, 213 (Tex. App.—Corpus Christi 2002, no pet.). However, "claims against governmental employees or officials in their official capacities are separate and distinct from claims against them in their individual capacities." *Id.* at 213–14. "A person filing suit against an individual solely in an official capacity thus cannot impose liability or recover damages from that same person in an individual capacity, nor can a suit solely against a person in an individual capacity result in liability or the execution of a judgment against the governmental unit that the person represents in an official capacity." *Id.*

"To fall within this *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority of failed to perform a purely ministerial act." *Heinrich*, 284 S.W.3d at 372 (emphasis in original).

"In a suit against a person in an official capacity, a plaintiff is actually seeking to impose liability against the governmental unit the sued person represents, rather than on the individual specifically named." *Ferguson*, 97 S.W.3d at 213. "The suit is, then, in actuality, one against the governmental unit, which is the legal entity that will be held liable for any judgment rendered against the individual sued in an official capacity." *Id.*

"Persons sued in their individual capacity may raise any defense available to the governmental unit, including sovereign immunity." *Id.* "An individual sued in an official capacity may enjoy the protections of sovereign immunity to the same extent as those protections are available to the person's employer and thus, if the governmental unit would be immune due to sovereign immunity, so is the governmental official sued in his official capacity." *Id.* at 214–15.

### 2. Discussion

Garcia argued in his original petition that the members of the city council and planning and zoning commission board "acted outside their constitutional or statutory authority and have failed to perform a purely ministerial act by authorizing the re-zoning of Lot 65 knowing there was an injunction in place. However, to "fall within the *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Heinrich*, 284 S.W.3d at 372.

10

Under the Final Agreed Order, the language allowed the City the ability to amend zoning ordinances in compliance with the injunction. Here, the city council and planning and zoning commission board did modify the zoning of Lot 65, based on the request made by Easton. However, Garcia does not show how this modification was not an exercise of discretion by the city council and the planning and zoning board, nor does Garcia show how the parties acted without legal authority to make these modifications.

The 430th District Court agreed and dismissed with prejudice the *ultra vires* claims against all the members of the city council and planning and zoning board. We overrule the City's issue to the extent it addresses Garcia's *ultra vires* action.

## E. Summary

We conclude that the trial court correctly denied the plea to the jurisdiction regarding the claims of inverse condemnation, correctly granted the plea to the jurisdiction regarding the ultra vires actions, and we conclude the trial court erred when it denied the City's plea to the jurisdiction regarding the declaratory judgment.

## III. CONCLUSION

We affirm in part and reverse and remand in part the trial court's denial of the plea to the jurisdiction and remand for further proceedings consistent with this opinion.

GINA M. BENAVIDES,
Justice

Delivered and filed the
1st day of December, 2016.

11