Patrick John GOLDTHORN, Appellant,

v.

Burk GOLDTHORN, Appellee.

No. 04–07–00508–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 24, 2007.

M. Patrick Maguire, M. Patrick Maguire, P.C., Kerrville, for appellant.

A. William Arnold, III, A. William Arnold, III & Associates, P.C., Stephen B. Schulte, Stephen B. Schulte, P.C., Kerrville, for appellee.

Sitting: CATHERINE STONE, Justice, SANDEE BRYAN MARION, Justice, REBECCA SIMMONS, Justice.

**OPINION**

Opinion by SANDEE BRYAN MARION, Justice.

In this accelerated appeal, we consider whether the trial court abused its discretion in granting a temporary injunction in the absence of any supporting evidence. We conclude the trial court erred; therefore, we reverse and remand.

## BACKGROUND

Appellant and appellee are the only living children of decedent Martha Goldthorn. In the underlying lawsuit, appellee seeks to set aside his mother's will and other estate planning documents on the grounds that she lacked capacity to execute them. Appellee initially obtained a temporary restraining order, and then requested a temporary injunction "freezing" the assets of his mother's estate until a trial on the merits. The trial court heard appellee's request for injunctive relief at an evidentiary hearing, at which only a single witness, Zack Mason, testified. Mason was called to testify by appellant, who opposed the injunctive relief. Appellant's attorney explained that because appellee had to prove he would succeed on the merits in order to obtain injunctive relief, he (appellant) was calling Mason as the only witness who was present in the room when Martha executed her will and could testify to her capacity.

Mason, the probate and estate planning attorney who drafted Martha's 2006 will, testified he visited with Martha about five times in his office in 2006; on the day she executed the will, he discussed the terms of the will with her; and he believed she had sufficient ability to understand the act of making a will and the extent and nature of her property. The trial court interrupted the questioning to ask appellant's attorney to explain how holding matters in abeyance would harm his client. Receiving no satisfactory answer, the trial court asked the attorneys and parties to "step back into the jury room and discuss this matter [for] a few minutes." Following a brief recess, appellant's attorney stated no agreement had been reached and he asked that the court dissolve the temporary restraining order. No further testimony or evidence was offered. The trial court signed an order issuing a temporary injunction, and this appeal ensued.

## DISCUSSION

▮ A trial court has broad discretion in deciding whether to grant or deny a temporary injunction. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002); *Wu v. City of San Antonio*, 216 S.W.3d 1, 4 (Tex.App.-San Antonio 2006, no pet.). An appellate court will uphold the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Butnaru*, 84 S.W.3d at 204. The trial court abuses its discretion when "the law is misapplied to established facts, or when the evidence does not reasonably support the conclusion that the applicant has a probable right of recovery." *Wu*, 216 S.W.3d at 4.

▮ As a prerequisite to a temporary injunction, probable right and probable injury must be established by competent evidence adduced at a hearing. *Millwrights Local Union No. 2484 v. Rust Eng'g Co.*, 433 S.W.2d 683, 686–87 (Tex. 1968). At the hearing, appellee's attorney stated appellee would "be happy to put on evidence" but it would take longer than fifteen minutes to do so. The trial court stated it had a "bad docket" and "under the circumstances [would] just order that the temporary order remain in force and effect." The court then allowed appellant to "make an exception," at which point appellant offered Mason's testimony. We conclude that because no evidence was adduced at the hearing on irreparable injury or on probable recovery, the trial court erred in granting the temporary injunction. *See In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 204 (Tex. 2002) (orig.proceeding) (noting temporary injunctions require more stringent proof requirements than temporary restraining orders that can issue on sworn pleadings);

*Markel v. World Flight, Inc.*, 938 S.W.2d 74, 79 (Tex.App.-San Antonio 1996, no writ) (holding that pleadings alone will not support entry of a temporary injunction where record contains absolutely no testimony or any type of evidence to prove imminent or irreparable harm).

## CONCLUSION

We reverse the trial court's order granting temporary injunctive relief and thereby dissolve the temporary injunction; we also remand the cause to the trial court for further proceedings consistent with this opinion.