

Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# MEMORANDUM OPINION

No. 04-08-00541-CV

## G&D FURNITURE LLC,
Appellant

v.

## SFD ENTERPRISES, INC.,
and Arthur G. Uhl, III, Substitute Trustee for SFD Enterprises, Inc.,
Appellees

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-10198
Honorable Barbara Nellermoe, Judge Presiding

Opinion by: Sandee Bryan Marion, Justice

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed: February 18, 2009

AFFIRMED

This is an appeal from the trial court's denial of a temporary injunction sought by appellant G&D Furniture LLC ("G&D") for the purpose of stopping the non-judicial foreclosure of its real property by appellee, SFD Enterprises, Inc. ("SFD").[1] In an opinion and judgment dated January 14, 2009, we affirmed the trial court's order. Appellant filed a motion for rehearing. Although we deny

---

[1] We have previously issued a temporary injunction in order to preserve our jurisdiction, restraining the trustee's sale pending appellate review.

the motion for rehearing, we withdraw our opinion and judgment of January 14, 2009, and issue this opinion and judgment in its place. We affirm.

## STANDARD OF REVIEW

A trial court has broad discretion in deciding whether to deny a temporary injunction. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). We review the denial of a temporary injunction for a clear abuse of discretion without addressing the merits of the underlying case. *Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex. 1993). An appellate court will uphold the trial court's order unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Butnaru,* 84 S.W.3d at 204. We may not substitute our judgment for that of the trial court, even if we would have reached a contrary conclusion. *Id.* at 211. Rather, we view the evidence in the light most favorable to the trial court's order, indulging every reasonable inference in its favor, and determine whether the order was so arbitrary as to exceed the bounds of reasonable discretion. *Universal Health Servs., Inc. v. Thompson,* 24 S.W.3d 570, 576 (Tex. App.—Austin 2000, no pet.). When, as here, no findings of fact or conclusions of law are requested or filed, we will imply all necessary findings in support of the trial court's order, and review the record to determine if the order of the court must be upheld under any legal theory supported in the record. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex. 1992); *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex. 1978). If some evidence reasonably supports the trial court's decision, the trial court does not abuse its discretion. *Butnaru,* 84 S.W.3d at 211.

## DISCUSSION

To obtain a temporary injunction, the applicant must plead and prove three specific elements, one of which is a probable right to the relief sought. *Butnaru*, 84 S.W.3d at 204; *City of San Antonio v. Vakey,* 123 S.W.3d 497, 501 (Tex. App.—San Antonio 2003, no pet.). G&D contends that because it raised a fact issue on whether the promissory note to purchase the property was reinstated, it established a prima facie case sufficient to establish its probable right to relief. However, probable right to relief must be established by competent evidence adduced at a hearing. *Goldthorn v. Goldthorn*, 242 S.W.3d 797, 798 (Tex. App.—San Antonio 2007, no pet.); *see also Anderson Oaks (Phase I) Ltd. P'ship v. Anderson*, 734 S.W.2d 42, 44, n.1 (Tex. App.—Austin 1987, no writ) ("The requirement of demonstrating probable right or the likelihood of prevailing on the merits . . . require[s] evidence that 'at the very least, [will] *tend to support* a right of recovery.'"). The only evidence adduced by G&D at the hearing on its application for a temporary injunction were two emails sent by Dan Bailey, G&D's principal, to SFD in which Bailey states the loan has been reinstated. Both emails were sent after SFD had mailed to G&D a letter stating that because payment delinquencies under the note had not been cured, the note was accelerated with all unpaid principal and accrued interest due. Bailey did not testify. The only witnesses who testified at the hearing were SFD's controller and SFD's attorney. These witnesses both stated that SFD intended to accelerate the note and SFD never intended to reinstate the loan.

Based on the record before the trial court here and indulging every reasonable inference favorable to its order, we cannot conclude the court's denial of G&D's request for a temporary injunction was so arbitrary as to exceed the bounds of reasonable discretion.

**CONCLUSION**

We overrule G&D's issue on appeal and affirm the trial court's order denying G&D's request for a temporary injunction.

Sandee Bryan Marion, Justice