Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-10-00285-CV

Richard **SNELL** and Brad Croft,
Appellants

v.

**SPECTRUM ASSOCIATION MANAGEMENT L.P.**,
d/b/a Spectrum Association Management,
Appellee

From the County Court at Law No 3, Bexar County, Texas
Trial Court No. 355434
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Karen Angelini, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:  September 8, 2010

REVERSED AND REMANDED IN PART, AFFIRMED IN ALL OTHER RESPECTS

This appeal arises from an anti-suit injunction prohibiting Appellants Richard Snell, Brad Croft, and Willawall Investments, Inc., from filing any additional suits against Appellee Spectrum Association Management L.P. or its current or former employees. Appellants complain that the injunction was entered without an evidentiary hearing. Because the Appellant Croft did not expressly consent to the injunction, we reverse the order of the trial court with regard to Appellant Brad Croft. The trial court's order is affirmed in all other respects.

## FACTUAL BACKGROUND

Spectrum Association Management is the property manager for Jonas Woods Home Owners' Association. Appellant Bradley L. Croft is the sole director of Willawall Investments, Inc. Willawall converts pool chlorination systems to salt water chlorination and manages the pool maintenance for several pool systems, including the pool in the Jonas Woods Subdivision. In August of 2009, when the subdivision refused to pay, Willawall filed suit in small claims court in Guadalupe County[1] for collection of unpaid invoices. After a trial on the merits, the court awarded Willawall monetary damages. Defendant Jonas Woods Home Owners' Association paid the judgment.

Thereafter, a series of lawsuits concerning a common set of facts relating to the subdivision pool issue followed. On September 11, 2009, Willawall filed two suits in small claims court in Bexar County, one against Spectrum, as property manager of the subdivision, and the other against former Spectrum employee, Jason Delgado.[2] Ten days later, Willawall filed another suit in small claims court against Barton Hoggins,[3] a current Spectrum employee. Although Richard Snell is not a licensed attorney, he is an authorized agent and shareholder for Willawall and, therefore, authorized to file suits in small claims court on Willawall's behalf. *See* TEX. GOV'T CODE ANN. § 28.003(e) (Vernon 2004) ("A corporation need not be represented by an attorney in small claims court."). All three suits alleged damages in the amount of ten thousand dollars. Small Claims Court Judge Keith Baker conducted a consolidated hearing

---

[1] *Willawall Invs., Inc. v. Jonas Woods Homeowners' Ass'n., Inc.*, Cause No. SC-1376 (Small Claims Ct., Precinct 3, Guadalupe County, Tex. Aug. 2009).

[2] *Willawall Invs., Inc. v. Spectrum Ass'n Mgmt.*, Cause No. 30-S-09-00373-01 (Small Claims Ct., Precinct 3, Bexar County, Tex. Sept. 11, 2009); *Willawall Invs., Inc. v. Delgado*, Cause No. 30-S-09-00372-01 (Small Claims Ct., Precinct 3, Bexar County, Tex. Sept. 11, 2009).

[3] *Willawall Invs., Inc. v. Hoggins*, Cause No. 30-S-09-00390-01 (Small Claims Ct., Precinct 3, Bexar County, Tex. Sept. 21, 2009).

under the three cause numbers and on December 3, 2009, dismissed all causes for lack of jurisdiction.

While the other three cases were pending, Willawall filed a fourth case, alleging the same ten thousand dollars in damages, in Small Claims Court against the treasurer of the Jonas Woods Home Owners' Association, Justin Murray.[4]  At the initial hearing, Snell requested additional time so that Willawall could hire new counsel.  Willawall never hired new counsel, but eventually dismissed the case against Murray.

On December 3, 2009, after Judge Baker dismissed the original three suits, Croft filed suit in Bexar County District Court against the same two Spectrum employees, Jason Delgado and Barton Hoggins.[5]  Additionally, on December 11, 2009, Croft filed another suit in Bexar County District Court against Chad V. Nelson and Andrew Hill, both employees of Spectrum.[6] Each of these claims evolves from the original case filed against Spectrum in Bexar County Small Claims Court.  Croft subsequently filed motions to dismiss each of the district court cases; however, the appellate record does not include an order.

APPEAL TO COUNTY COURT

Willawall Investments, Inc. d/b/a Innovative Pool Solutions appealed Judge Baker's dismissal in the original September 11, 2009 action filed against Spectrum to County Court at Law No. 3, Cause No. 355434.  In January of 2010, Snell filed a motion to intervene in the case and Spectrum filed an Application for Anti-Suit Injunction.  On March 25, 2010, the trial court held a hearing on Spectrum's motion.  Spectrum requested the trial court issue an injunction to enjoin Willawall, Snell, and Croft from filing additional lawsuits based on the same facts as the

---

[4]  *Willawall Invs., Inc. v. Murray*, Cause No. 30-S-09-00465-01 (Small Claims Ct., Precinct 3, Bexar County, Tex. Nov. 6, 2009).
[5]  *Croft v. Delgado*, Cause No. 2009CI19364 (131st Dist. Ct., Bexar County, Tex. Sept. 11, 2009).
[6]  *Croft v. Nelson*, Cause No. 2009CI19783 (407th Dist.Ct., Bexar County, Tex. Dec. 11, 2009).

case at issue. During argument of counsel, Paul Anderson, attorney for Willawall, explained that "[t]he only actions that are pending now is the one before this court. That's it. And what [Spectrum] requested in [their] pleadings we agree to. We're not going to file any other unless they do another act." Over objection by Spectrum's counsel, Snell addressed the court, arguing that he is a shareholder in a closely held corporation and Spectrum cannot prevent him from filing lawsuits on his own behalf. Snell, however, agreed that he "will not bring any employees into this court for any actions done by Spectrum and their employees in this case which relates only to Jonas Woods Homeowners Association." The parties continued:

> Counsel for Spectrum: "[A]ll we want is to say if you're going to bring any related litigation to the—that arises out of or relates to this underlying claim then you need to come before Judge Rodriguez and either put it in to [sic] this case or get his permission to file it. That's all we want.

> Snell: "I was agreeing that I would not bring any other suits that—that relate to this pending action."

The Trial Court ordered as follows:

> On March 25, 2010, came to be heard Appellee-Defendant Spectrum's Application for Anti-Suit Injunction. Having considered the evidence and briefing of the parties and having heard the argument of counsel, the Court finds that the anti-suit injunction should be issued.

> IT IS THEREFORE ORDERED that Brad Croft, Richard Snell, and Willawall Investments, Inc. be enjoined from filing any further suits against Spectrum Association Management LP or against any of Spectrum's current or former employees, agents, or officers, where such suit would relate to or arise out of any issues presently before the Court in the above-captioned case, without first obtaining leave of Court.

On April 9, 2010, Richard Snell and Bradley Croft filed a joint pro-se notice of appeal. We address the claims of Willawall, Snell, and Croft individually.

## A. Willawall Investments, Inc.

Although Appellants' Brief was filed on behalf of Willawall Investments, Inc., Snell, and Croft, Willawall is not a party to this appeal. Willawall did not file a timely, valid notice of appeal. The deadline for filing a notice of appeal is jurisdictional and has passed. *See* TEX. R. APP. P. 25.1(b), 26.1(b); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). This court, therefore, lacks subject matter jurisdiction with regard to Willawall Investments, Inc. d/b/a Innovative Pool Solutions. Accordingly, the anti-suit injunction is affirmed with regard to Willawall Investments, Inc.

## B. Richard Snell

On appeal, Spectrum argues Snell waived any appellate review by failing to make an objection before the trial court. "As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion." *Ruiz v. Guerra*, 293 S.W.3d 706, 720 (Tex. App.—San Antonio 2009, no pet.) (quoting TEX. R. APP. P. 33.1(a)(1)). Before the trial court, Snell himself told the trial court that they did not intend to file any additional suits relating to the pending case. On appeal, Snell argues that he did not agree to the terms of the injunction order. To the contrary, he alleges that the parties disagreed and alerted the trial court of the dispute.

Texas Rule of Appellate Procedure 34.6(b)(1) requires an appellant to make a written request that the official reporter prepare the reporter's record, designating the exhibits and portions of the proceedings to be included in the record. TEX. R. APP. P. 34.6(b)(1). Based on the record before this court, no objections were made with regard to the trial court's order. Moreover, the reporter's record clearly conflicts with Snell's assertion. He specifically told the trial court: "I would not bring any other suits that—that relate to this pending action." That is

precisely what the trial court's order precludes. *See McInnes v. Yamaha Motor Corp., U.S.A.*, 673 S.W.2d 185, 188 (Tex. 1984) ("A party on appeal should not be heard to complain of the admission of improper evidence offered by the other side, when he, himself, introduced the same evidence or evidence of a similar character.").

By failing to present his complaint to the trial court, Snell waived the argument against the trial court's grant of the anti-suit injunction. *See* TEX. R. APP. P. 33.1(a); *Ruiz*, 293 S.W.3d at 720–21; *Magna Donnelly Corp. v. DeLeon*, 267 S.W.3d 108, 114 (Tex. App.—San Antonio 2008, no pet.) (holding that failure to raise timely objection at trial results in waiver of issue on appeal). Accordingly, we affirm the order of the trial court with regard to Richard Snell.

## C.  Brad Croft

According to Appellants' Joint Reply Brief, Brad Croft did not make an appearance at the hearing on the anti-suit injunction and did not agree to the order. The appellate record before this court supports this claim. There is no evidence of service on Croft and neither Croft nor any attorney representing Croft appeared on his behalf before the trial court. Based on the record, neither Croft, nor anyone representing Croft agreed to the anti-suit injunction. Accordingly, Croft argues the trial court was required to hold an evidentiary hearing.

The grant or denial of a request for a temporary injunction is within the trial court's discretion, and an appellate court will not reverse its decision absent an abuse of discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A trial court abuses its discretion if it "act[s] unreasonably or in an arbitrary manner, without reference to guiding rules and principles." *Id*. at 211. To obtain a temporary injunction, Spectrum was required to "prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Id*. at 204. As this

court previously held, as a prerequisite to a temporary injunction, probable right and probable injury must be established by competent evidence adduced at a hearing." *Goldthorn v. Goldthorn*, 242 S.W.3d 797, 798 (Tex. App.—San Antonio 2007, no pet.) (citing *Millwrights Local Union No. 2484 v. Rust Eng'g Co.*, 433 S.W.2d 683, 686–87 (Tex. 1968)). We, therefore, conclude that because no evidence was adduced at the hearing, and Croft did not affirmatively state his agreement to the injunction, the trial court erred in granting the temporary injunction against Brad Croft.

## CONCLUSION

Because Willawall Investments, Inc. was not a party to this appeal, and Richard Snell affirmatively agreed to the injunction, we affirm the trial court's anti-suit injunction with regard to Willawall Investments, Inc. and Richard Snell. However, because Brad Croft did not affirmatively agree to the injunction, and no evidence was presented with regard to the required elements set forth in *Butnaru*, 84 S.W.3d at 204, we reverse the anti-suit injunction with regard to Brad Croft and remand this matter to the trial court for further proceedings consistent with this opinion.

Rebecca Simmons, Justice